[No. 9794. Department One. November 25, 1911.]

GUSTAVUS S. KENDALL, *Appellant*, v. MINNIE S. LONG, *Respondent*.[1]

PUBLIC LANDS—HOMESTEAD—RELINQUISHMENT — CONTESTS — PRESUMPTIONS—DISPOSITION—CONCLUSIVENESS. The presumption that a homestead relinquishment pending a contest is due to the contest does not attach where the contest was dismissed for the reasons that it was irregular, that no fees had been paid and that no notice was given; and failure to appeal from such a dismissal precludes the contestant from asserting the regularity of the contest in the courts.

PUBLIC LANDS—PROCEEDINGS OF LAND DEPARTMENT—REVIEW BY COURTS. A party aggrieved by a decision of the land department disposing of public lands should exhaust his remedies before the department, and the courts will not interfere in the absence of equity.

PUBLIC LANDS—HOMESTEAD—RELINQUISHMENT—CONTESTS — PRESUMPTION. The presumption that a homestead relinquishment pending a contest was due to the contest is overcome where it was shown that the relinquishment was decided upon without notice of the contest, and instead of being a procuring cause, had rather a deterrent effect.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered February 24, 1911, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to establish a trust in real property. Affirmed.

*W. H. Abel* (*Sleman & Lerch*, of counsel), for appellant.

*Hayden & Langhorne*, for respondent.

FULLERTON, J.—The appellant brought this action against the respondent, seeking to charge her as a trustee holding for his benefit the legal title to the northeast quarter of section 24, in township 15, north, of range 6, west of the Willamette meridian. The respondent holds the land by patent

[1] Reported in 119 Pac. 9.

from the government of the United States, having acquired the same by entry under the timber and stone act and the acts amendatory thereof. The appellant claims the same in virtue of an attempted entry made by him under the homestead acts. He conceives that the land was awarded to the respondent through a misconstruction of the law by the officers of the land department, whereas a proper construction would have awarded the land to him.

. The facts giving rise to the controversy are not seriously in dispute. It appears that the land first became subject to entry at 9 o'clock p. m. of July 2, 1903, at the land office situated at Olympia, in the state of Washington. At that time one Thomas J. Long, husband of the respondent, and Gustavus S. Kendall, the appellant, made simultaneous applications to homestead the land, each alleging a prior settlement thereon. It thereupon became necessary to determine who had the better right, and a hearing was had for that purpose before the local land office, which determined the right in favor of Kendall. An appeal was taken from this ruling to the commissioner of the general land office, who reversed the holding of the local office, and on his ruling being affirmed on appeal to the secretary of the interior, Long was allowed to make a homestead entry on the land. This entry was made on September 8, 1905. On September 12, 1905, four days later, one Andrew J. Jackson filed an affidavit of contest against Long's entry, alleging therein that Long was disqualified to enter the land at the time he offered his homestead application, because he then owned more than one hundred and sixty acres of land within the state of Washington, and had never established nor maintained a residence on the land. Notice of these charges was served upon Long and a trial thereof had, which resulted in a decision in favor of Long by the officers of the local land office. An appeal was also prosecuted from this decision to the commissioner of the general land office, and afterwards to the secretary of the interior, who likewise determined the

case in favor of Long, the contest being finally closed and dismissed in the land office on August 24, 1907, notice thereof being communicated to Long on the next day.

On May 29, 1907, while the last mentioned contest proceedings were pending on appeal, the appellant sent an affidavit of contest to the local land office, averring that Long had never established a residence on the land in question; that he had done nothing more than erect a temporary shack thereon, wholly unsuitable for a residence; and that subsequent to making his entry he had ceased to live on the premises and had wholly abandoned the same; praying that he be accorded a hearing in regard thereto, according to the rules and practice of the land department. On receipt of the affidavit, the register of the local office notified the appellant of the pendency of the contest proceedings instituted by Jackson, and stated that the affidavit would be filed as a junior contest to be held pending the final disposition of the Jackson contest proceedings. The affidavit of contest was not corroborated as required by the rules of the land department, nor was any proceedings taken thereon at that time further than to file the same.

On August 26, 1907, the day after Long was informed that he had been successful in contest proceedings instituted against him by Jackson, he came to the local land office at Olympia and filed a relinquishment of his homestead right. Immediately prior to filing the relinquishment, he made an examination of the official records of the land office and learned for the first time of the filing of the appellant's contest affidavit, no official notice or notice of any kind having ever been sent him of its pendency. Immediately on the relinquishment being filed, his wife, the respondent in this action, made application to enter the land under the timber and stone act. Her application was allowed and she was granted a certificate of entry. Three days later, on August 29, 1907, the register of the local land office rejected Kendall's affidavit of contest against Long's homestead entry, on

the grounds that his rights had already been adjudicated; that Long was absent from the land at the time the affidavit was filed, on leave of absence granted him by the land department, and his right was not, for that reason, then contestable on the ground of abandonment; that the affidavit failed to set forth sufficient facts to constitute grounds for a contest; and that all the facts set forth in the affidavit had been adjudicated. Notice of this rejection was forthwith sent to the appellant, with the further notice that he had thirty days in which to appeal therefrom to the commissioner of the general land office.

No appeal was taken from the order of rejection, but on September 16 the appellant filed a protest against the entry of the respondent, alleging residence upon the land prior to and at the time of the relinquishment filed by Long, the homestead claimant, and that he had, by reason thereof, "a prior right of entry to said tract under the laws of the United States;" alleging further that the timber entry of the respondent was a fraudulent and collusive entry between herself and her husband, and the result of a conspiracy to defraud the appellant; that the leave of absence granted Long by the land department was granted on false and fraudulent affidavits to the effect that Long was in ill health and unable to live on the land because thereof, whereas in truth and in fact he at all times was in good health; that the sole purpose and object of Long in relinquishing his homestead right to the premises, and his wife in entering the same under the timber and stone act, was to acquire fraudulently a precedence over the homestead application of the appellant, which he alleged was still pending before the land office. He also averred in another paragraph, somewhat in contradiction of his former averments, that the sole purpose of the relinquishment and subsequent entry of Mrs. Long was to avoid the necessity of making a residence on the land and the consequent hardships of pioneer life, and that the secretary

of the interior had held the land to be more valuable for
agricultural purposes than for timber.

On September 17, 1907, the register of the local land office
dismissed the protest, giving as reasons therefor that the
same was not corroborated; that service thereof had not
been made upon the timber applicant; that he had no home-
stead application on file as alleged in the affidavit of protest;
and that a certain allegation therein as to the ruling of the
secretary of the interior was not in accord with the actual
ruling of that official. Later on the respondent offered
proof under the timber culture entry, whereupon the appel-
lant appeared and sought to cross-examine the witness and
otherwise contest the entry. The right to cross-examine or
contest the proofs offered was refused him by the register,
and the proofs of entry allowed. The appellant thereupon
appealed to the commissioner of the general land office from
the several rulings of the local office, and such proceedings
were had as to result in the return of the cause to the local
office with the following instruction:

"You will, therefore, order a hearing, after due notice to
the parties, to determine whether or not, prior to August
26, 1907, the date of the relinquishment of Thomas J. Long,
said Kendall had settled and established residence upon the
land involved herein, and was a settler thereon at the date
thereof. If so, of what such settlement consisted, what im-
provements were made, and whether said residence has since
been maintained thereon; how much of the land has been
cultivated, by him, if any; and what, if any, crops have been
raised by him on the land; and upon such hearing having
been had, you will transmit the evidence, together with your
recommendation in the case, to this office for further consid-
eration. In due time report your action hereunder."

Acting pursuant to this instruction, the local office or-
dered a hearing, at which all of the parties appeared and in-
troduced evidence to substantiate their several claims. After
which the office determined that the appellant had not es-
tablished a residence on the land in good faith, and that

his homestead application should be rejected, and the proofs of the respondent allowed. From the decision the appellant again appealed to the general land office, assigning, among others, the following errors:

"(3) It was error to fail to hold that Gustavus S. Kendall, upon the filing of the relinquishment of the homestead of Thomas J. Long, had a preference right of entry inuring to him by reason of his contest against said homestead entry, which was pending at the time the relinquishment was filed.

"(4) It was error not to hold that Minnie S. Long had failed to overcome the *prima facie* presumption that the Thomas J. Long homestead entry was relinquished as a result of the contest then pending, of this appellant."

The ruling of the local office was affirmed by the general land office by a decision rendered May 4, 1909. The opinion filed reviewed in detail the evidence introduced, and held that it failed to show that the appellant was a *bona fide* settler upon the disputed land at the time he filed his affidavit of contest or at the time Thomas J. Long filed his relinquishment; holding further that, without such *bona fide* settlement upon the land, he had no standing to contest the entry of Minnie S. Long. From this decision the protestant appealed to the secretary of the interior, again urging the proposition that he was entitled to a preference right to enter the land because the relinquishment of Thomas J. Long had been made while his affidavit of contest was pending. The secretary, however, overruled the contention and affirmed the decision of the local land office. Thereafter patent to the land was issued to Minnie S. Long under her timber entry as before stated.

The statutes of the United States relating to contest over the right to enter public lands provide that, in all cases where any person has contested, paid the land office fees, and procured the cancellation of any preemption, homestead, or timber culture entry, he shall be notified by the register of the land office of the district in which the land is situated of such cancellation, and shall be allowed thirty days from the

date of such notice to enter such land (21 Stats. at Large, 141). It is on this provision of the statute that the appellant bases his right to recover. He contends that, presumptively at least, the filing of his affidavit of contest procured the relinquishment and cancellation of the homestead entry of Thomas J. Long, and that he was thereupon, in virtue of this statute, entitled to notice of such relinquishment and cancellation, and to thirty days thereafter to enter the land himself, and that the land department committed error of law when it failed to send him notice of such relinquishment and refused to allow him to enter the land, and in allowing the respondent to enter the land while his contest affidavit was pending. He also contends that the department erred in its subsequent proceedings, in that it failed to give effect to this presumption, or consider it when reviewing his protest against the allowance of the entry of the respondent.

It has been ruled by the land department that a relinquishment filed in the face of a pending contest is *prima facie* presumed to be the result of the contest, and when no counter showing is made, effect has been given to the presumption and the contestant given a preference right to enter the land. The presumption, however, has never been held conclusive. It is the practice to permit it to be shown that the fact is otherwise, in which case the contestant, if he is allowed to enter the land, must show a superior right to other claimants. See *Osborne v. Crow*, 11 Land Dec. 210. In the case before us, it will be observed, the local land office refused to recognize the appellant's contest proceedings as being sufficiently regular to constitute a valid contest, and dismissed the same. It found that he had not paid the land office fees, and had not given notice to the entryman of his contest as required by statute; that his affidavit of contest was not corroborated as required by the rules of practice formulated by the department; and that

he proposed contesting on grounds that had been the subject of an unsuccessful contest by another person.

If the grounds upon which the local land office dismissed the proceedings were sound, that is, if they were sufficient upon which to base a dismissal, it is plain that no error was committed by the department in failing to give effect to the presumption that would arise were the contest proceedings sufficiently regular. The appellant contended in the court below, and contends in this court, that the contest proceedings were sufficiently regular to constitute a valid contest, but we think he is foreclosed from making this contention by his action concerning the dismissal of the proceedings by the local land office. He took no appeal to the general land office or to the secretary of the interior from that order, and the courts will not entertain a suit in equity to charge the legal title to land under a patent with a trust, based on an erroneous 'decision of an inferior officer of the land department, when a right of appeal to a superior office therein exists. In other words, a party aggrieved by an erroneous decision of the land department must exhaust his remedies in that department in an effort to obtain relief, before he can resort to the courts for that purpose. So here, since the appellant did not appeal from the order of the local office dismissing his contest proceedings, he must be held bound by the order of dismissal, in so far as the courts are concerned, since he did not avail himself of the relief the rules of the department itself afforded. Nor was it error, under these circumstances, for the department to fail to give effect in the subsequent proceedings to the presumption that arose from the act of relinquishment. That branch of the case was closed by the dismissal of the proceedings, and the appellant was not at liberty to revive it by mere suggestion on the hearing of his protest against the respondent's entry. The department accorded him all of his rights when it entered upon an inquiry as to his relation to the land at the time the respondent's entry was made, dis-

regarding any right claimed under the contest proceedings.

But if we were to conclude that the appellant was entitled to take advantage of the supposed error of the land department, we would still conclude that he could not recover in this action. The primary disposition of the public lands is vested by the constitution of the United States in Congress. That body has passed general laws for their disposition, and vested the administration of them in a special department of its own creation. In the scheme, the courts were awarded no place. They have no direct supervisory control over the department decisions, either by appeal or review. The right of the courts to interfere at all arises from their inherent power to right wrongs that are done to individuals by an erroneous administration of the laws. Where the conviction of the wrong involves the transfer of property from one person to another, the proceeding is equitable in its nature, and the party claiming the right must show that the superior equities are with him. In the case at bar, therefore, it was incumbent upon the appellant to show, not only that Thomas J. Long released his homestead entry while his contest proceeding was pending, but also that the contest proceeding was the procuring cause of the relinquishment. To prove the latter fact, he relied wholly upon the presumption that arose from the fact that the relinquishment was filed while the contest proceedings were pending. But the respondent introduced evidence tending to show that the contest proceeding was not the cause of the relinquishment. It was shown that Thomas J. Long made up his mind to relinquish long before he knew that the contest affidavit was on file; that he went to the land office for that purpose without knowledge of the fact, and learned of the affidavit only after he reached the land office; that the filing of the affidavit, so far from being the procuring cause of the relinquishment, had rather a deterrent effect on the action of Long. The appellant offered nothing to rebut this evidence, and we think he has shown no equity, entitling the

court to charge the respondent as a trustee holding for him the legal title of the lands patented to him. On any view of the case, therefore, the respondent is entitled to an affirmance. It is so ordered.

DUNBAR, C. J., GOSE, MOUNT, and PARKER, JJ., concur.