## McHenry Coal Company v. Robinson.

(Decided March 14, 1916.)

### Appeal from Ohio Circuit Court.

1. Negligence—Peremptory Instruction.—Where there is evidence tending to show negligence upon the part of the defendant, a peremptory instruction to find for the defendant should not be given.
2. Negligence—Fellow Servants.—Two drivers of coal cars, hauling coal out of different entries in a coal mine, are not fellow-servants.
3. Damages—When Not Excessive.—A recovery of $3,000.00 damages by a coal miner, 23 years old, earning $2.24 per day, for injuries which permanently impaired the use of his right hand, is not excessive.

H. P. TAYLOR for appellant.

ERNEST WOODWARD, OTTO C. MARTIN and BEN D. RINGO for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

The appellee, Shelby Robinson, was employed as a driver of a mule car, hauling coal out of the thirteenth north entry of appellant's mine, at Echols, Ky. Fielden Turner was also a driver in the same mine hauling coal out of the thirteenth south entry; while Bush was a driver in the entry east of the main entry and leading into it.

The thirteenth north entry and the thirteenth south entry entered the main entry at points nearly opposite each other.

Minton was employed as a flagman, for the purpose of directing the drivers at the junction of these entries, so as to prevent collisions between the cars.

On July 24th, 1914, Robinson, while driving out of the thirteenth north entry, was directed by Minton to go "ahead" with his load, consisting of two cars of coal; and, at the same time Minton flagged Turner, who was coming out of the south entry, to stop. Turner denies that Minton flagged him to stop, but says Minton gave him the signal to "come on." At any rate, by some misunderstanding of orders, the cars driven by Robinson collided with the car driven by Turner, at the point where the thirteenth north entry entered the main entry,

and resulted in Robinson's right hand being badly mashed by having it caught between the side of the car and the face of the coal. He recovered a judgment for $3,000.00, and the company appeals.

The answer contained a traverse; pleas of contributory negligence and assumed risk upon the part of Robinson, and the further plea that Robinson, Minton and Turner were fellow-servants.

The gravamen of plaintiff's complaint is found in the following excerpt from the petition:

"Plaintiff says that the injuries hereinbefore referred to occurred in Ohio County, Ky., and that the agents and servants of the defendant, in charge and control of said cars, mines and mining operations, and who were superior in authority to the plaintiff and engaged in a different line of employment, managed and operated the said mules, cars, and their drivers with such gross negligence and carelessness that a car and mule driven by Fielden Turner collided with a car and mule which this plaintiff was engaged in driving, at a point in the mine where, and at a time when, the defendant had notified this plaintiff that the right of way for this plaintiff and his car was clear and free from danger."

1. It is first insisted that appellant's motion for a peremptory instruction, made at the close of the testimony, should have been sustained. And, in support of this contention, it is insisted that there is neither proof nor allegation that the plaintiff relied on the averment of the petition that the right of way was clear and free of danger. This criticism is based upon the theory that the plaintiff rested his case solely upon the allegation that he was injured because Minton had told him that the right of way was clear and free of danger. While it is true the petition does contain that allegation, it is further charged, as shown above, that appellant's servants in charge of its cars, and mines, and mining operations, who were superior in authority to the plaintiff and engaged in a different line of employment, managed and operated the mules, cars and the other drivers with such gross carelessness and negligence that the car and mule driven by Fielden Turner collided with the cars and mule driven by the plaintiff; and there was abundant testimony to sustain that allegation.

Minton admitted that he directed Robinson to "come on" with his car, and completely corroborated the state-

ment of Robinson, in that respect. Either the negligence of Minton or Turner caused the accident; and that one of them was negligent, clearly appears from their own testimony. Treating the allegation as to the safety of the way as surplusage, there was both allegation and proof as to the negligent handling of the car drawn by Turner; and that was the basis of plaintiff's case.

In switching, or "sluing," the car, as the witnesses speak of it, it was the habit of Robinson and other miners to place one hand upon the hip of the mule, and the other hand upon the corner of the car, the driver standing, or sitting upon the seat, immediately in front of the car. In this way, by pushing on the mule with one hand, and pulling on the car with the other, the car could be switched according to the requirements of the track.

In further support of its contention that the motion for a peremptory instruction should have been sustained, appellant insists that in "sluing" his car, Robinson negligently placed his hand upon the outside of the car instead of on the inside, as he had been directed to do; and, that if his hand had not been placed upon the outside of the car, it would not have been caught between the car and the rib of coal.

There was an attempt made by appellant to show that this practice was prohibited by a rule of the mine; but this attempt resulted in a total failure. Neither was it shown that Robinson was instructed not to place his hand upon the outside of the car.

Furthermore, Robinson states, and in this he is not really contradicted, that it was necessary to place his hand upon the outside of the car in order to efficiently switch the car.

Appellant further insists that in giving instruction No. 1, by which the court allowed a recovery in case the appellant's servants Minton and Turner, or either of them, negligently or carelessly suffered and permitted the collision between the two cars, it enlarged the issue made by the pleadings, by allowing the jury to consider every kind of negligence, and ignored and refused to submit the issue of Minton's assurance of safety to Robinson, as heretofore pointed out. But, as above stated, the petition expressly relied upon the negligence of appellant's servants in operating and managing the cars, and the recital in the petition that the collision occurred "at a point in the mine where, and at a time

when, the defendant had notified the plaintiff that the right of way for the plaintiff and his car was clear and free from danger,'' was a mere incident to the principal charge of negligence, and was properly treated as surplusage by the instruction. Excluding the portion of the petition included in the quotation just given, the phraseology of the petition is almost identical with the language of the petition in L. & N. R. R. Co. v. Brown, 127 Ky., 732, which was approved by this court.

2. It is further insisted that Robinson and Turner were fellow-servants, engaged in the same field of labor, employes of a co-ordinate and equal degree, neither one having the control of the other, and that the court erred in failing to give instruction C, which offered to submit that phase of the case to the jury. But there is no proof showing, or even tending to show, that Robinson was immediately serving with Turner, or that he had any opportunity to advise with Turner or protect himself against Turner's negligence; and the flagman Minton, who had charge of the movements of all the drivers at this point in the mine, was, of course, in a different line of employment. L. & N. R. R. Co. v. Brown, 127 Ky., 732; Stearns Coal & Lumber Co. v. Tuggle, 156 Ky., 714.

In the Tuggle case, *supra,* Tuggle was injured because Richmond, another driver, had stopped his car in front of Tuggle's car, without warning, thus causing a collision; and the defense of fellow-servant was there urged, as it is here.

But, in overruling that contention, this court said:

''We think, however, that the accident was really due to the fact that Richmond stopped his train of cars at the front of the grade when he should have gone ahead, and this being so, the negligence in the operation was due to the fault of Richmond.

''Taking this view of the matter, it is urged that there can be no recovery because it is said Richmond and Tuggle were fellow-servants. But aside from the fact that the fellow-servant doctrine has no place in the case, as Tuggle was within the prohibited age, they were not fellow-servants any more than would be employes on different street cars or on different railroad trains. L. & N. R. R. Co. v. Brown, 127 Ky., 732; Louisville Ry. Co. v. Hibbitt, 139 Ky., 43.''

Robinson and Turner being drivers on different entries, having no relation or communication with each

other, except as they might meet on the main entry, were no more fellow-servants than the brakemen upon different railroad trains, are fellow-servants.

3. Finally, it is claimed that the verdict is excessive. Robinson was 23 years old, and was earning $2.24 per day. Dr. DeWitt, the physician who attended Robinson, described his injury in these words:

"Q. Tell the jury what you know and found out about his injury? A. I went out to Echols, and it was such a bad injury I had him brought to the house. The bone was torn through here clear out, and there was little sliver; and the flesh on top of the hand was torn out and the back was torn out. At the bottom of his fingers it was not torn out. Of course; I rounded up the bone and brought the flesh over here, and stitched it here and here. On the back of his hand there was an abrasion; the whole back of his hand was torn off, and there was a large puncture wound right here that had to be stitched up. Q. What is the present condition of the hand? A. It is not any good at all except the fingers and thumb. Q. How about this boy's suffering? A. He seemed to suffer very intensely with his hand. I had to inject a half to one-quarter of a grain of morphine every time I dressed it for about two weeks."

And, while it appears that the only bone that was broken was the tip end of the little finger, it is shown that the fingers are drawn, and that the usefulness of the hand for physical work, which is Robinson's only means of earning money, is practically destroyed. Under these circumstances, we do not rate the recovery as excessive.

In Lawton v. Oglesby Coal Co., 154 Ills. App., 368, it was held that a recovery of $4,500.00 by a coal miner, 38 years of age, who was earning from $2.35 to $2.50 per day, for injuries sustained to his hand, was not excessive.

A verdict for a like amount was sustained in Oborn v. Nelson, 141 Mo. App., 428, by a young man who was a printing press operator and a professional musician, who had his right hand crushed, with the loss of two fingers, and a third finger stiffened and disfigured.

A verdict for the same amount by a lumber mill sawyer, who had his hand injured in contact with a rip saw, was upheld in Glenn Lumber Co. v. Quinn (Tex.), 149 S. W., 285.

In Sampson v. St. L. & C. R. Co., 156 Mo. App., 419, a recovery of $3,000.00, by a carpenter earning $2.25 per day, who had his left hand disabled, was held not to be excessive.

And, a verdict for a like amount was sustained in Southern Pacific Co. v. Sorey (Tex.), 142 S. W., 119, where the plaintiff had his right hand badly mashed, and one finger lost.

A verdict for $3,200.00 was sustained in Poli v. Numa Block Coal Co., 149 Ia., 104, 33 L. R. A. (N. S.), 646, by a miner whose hand had been permanently crippled, to a material extent.

In McLeod v. Chicago, &c., Ry. Co., 66 Wash., 62, the court sustained a verdict for $3,000.00 recovered by a carpenter, 28 years old, for permanent injury to his wrist, probably necrosis of the bone.

Bearing in mind the rule announced in L. & N. R. R. Co. v. Mitchell, 87 Ky., 327, that it is only when the verdict is glaringly excessive, and appears at first blush to have resulted from passion or prejudice, that we can interfere, we are not prepared to say that a verdict of $3,000.0 for practically the loss of the right hand of a young man 23 years old, is excessive. L. & N. R. R. Co. v. Moore, 83 Ky., 675; L. & N. R. R. Co. v. Popp, 96 Ky., 99; C. & O. Ry. v. Davis, 22 Ky. L. R., 1156, 60 S. W., 14; South Covington & Cincinnati St. Ry. Co. v. Weber, 26 Ky. L. R., 922, 82 S. W., 986; Louisville & Atlantic R. R. Co. v. Cox's Admr., 137 Ky., 388; Louisville Ry. Co. v. Bryant, 142 Ky., 162; C., N. O. & T. P. Ry. Co. v. Goode, 169 Ky., 102; Ann. Cas., 1913 A., 1361, Note.

Judgment affirmed.