## Hazard Coal Company v. Elam.

(Decided November 1, 1918.)

### Appeal from Perry Circuit Court.

1. Master and Servant—Injury to Servant in Mine—Submission to Jury.—Where the owner of a coal mine violated section 2729 of the Kentucky Statutes by failing to brattice the air ways of his mine, and drove an entry more than sixty feet in advance of a "break-though" or air way, thereby causing smoke to accumulate in the mine and the injury of a workman from collision between mining cars, his case was properly submitted to the jury.

2.  Master and Servant—Fellow Servants.—Two drivers of coal cars, hauling coal out of different entries in a coal mine, are not fellow servants.

3.  Damages—Excessive . Damages.—A recovery of $500.00 for the double fracture of the index finger of the right hand of a coal miner, which caused his hand to feel numb and lose its power of grip, was not excessive.

MORGAN & NUCKOLS for appellant.

J. B. EVERSOLE for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In April, 1914, the appellee, James Elam, was a laborer in the mine of the appellant near Hazard, Ky. In order to place a coal cutting machine in the fifth "break-through," Elam placed it on a truck which ran on car tracks, and pushed the truck into the "break-through," where he removed the cutting machine from the truck, and left it. As he was pushing the truck from the "break-through" on to the main track that ran along the entry, an empty coal car which two other miners were pushing along the main track collided with the machine truck that Elam was pushing, and mashed the index finger of his right hand.

Elam brought this action for damages, alleging that his injury was the direct result of the negligent failure of the company to ventilate its mine as it is required to do by the statute, and that by reason of this failure the mine was so filled with smoke that neither he nor the two men who were pushing the empty coal car could see each other in time to prevent the accident. It is also alleged in the petition that the entry in which Elam was working had been driven more than sixty feet in advance of a "break-through," or air way; that the company had negligently left "break-throughs" open, and had failed to properly brattice up or close the "break-throughs" between the entry and the place where Elam was at work; that by reason of said negligence the current of air in circulation in the mine could not reach the place where Elam was at work; that the smoke in his room and entry was so dense that it was impossible for the appellee, or the two men who were pushing the empty coal car, to have seen each other in time to prevent the accident; and, that these acts of negligence upon the part of the appellant

were the direct and proximate causes of the plaintiff's injuries. The answer controverted the allegations of negligence and injury, and interposed a plea of contributory negligence. Elam recovered a judgment and verdict for $500.00, and the company appeals.

A reversal is asked upon two grounds only; (1) error of the court in refusing to peremptorily instruct the jury to find for appellant; and (2) the excessiveness of the verdict.

1. Section 2729 of the Kentucky Statutes makes it the duty of a mine operator to provide for his mine artificial means of producing ventilation by fans, exhaust steam furnaces, or other contrivances, of such capacity and power as to provide and produce an abundant supply of air. It further requires the operator to provide and maintain, in his mine, an amount of ventilation of not less than 100 cubic feet of air per minute per person employed in the mine, which shall be circulated and distributed throughout the mine in such manner as to dilute, render harmless, and expel the poisonous and noxious gases from each and every working place in the mine; and, it is further made the duty of the mine foreman to see that no work place is driven more than sixty feet in advance of a "break-through" or "air way," except with the consent of the assistant mine inspector for the district.

Furthermore, the statute requires the "break-through" between entries, and when necessary between rooms except those last made near the working place, to be closed up and made air tight, as far as practicable, by brattices, trap-doors, or otherwise, so that the current of air in circulation in the mine may sweep to the interior of the excavations where the persons employed in the mine are at work.

The evidence clearly shows that these statutory requirements had been breached by the appellant in two respects, since at least two of the four front "break-throughs" were not bratticed at all, and the other two were insufficiently bratticed; and the place in which the two men were working had been driven more than sixty feet in advance of a "break-through," or air way. The result was that the ventilation did not reach to the point where Elam was at work at the entrance of the fifth "break-through;" on the contrary, the air current made

a short circuit by going through the first and second "break-throughs" into the air course and returning thence to the main entry. This left the smoke undisturbed in the rear end of the entry where the accident occurred. This abundantly appears from the testimony of Elam and Burkhart; and, as the defendant introduced no proof, the testimony of Elam and Burkhart stands uncontradicted.

Appellant insists, however, that although the proof shows that two of the "break-throughs" were not bratticed at all; that the other two were in bad condition; that the ventilation in that part of the mine was bad; and that the smoke did not clear as it should have cleared, these facts did not entitle the plaintiff to recover because he did not show that his injury was the direct and proximate result of appellant's failure to comply with the statute relating to the ventilation of the mine. This argument proceeds upon the theory that appellee recovered under section 466 of the Kentucky Statutes, which provides that "a person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation," without showing that his injury was the direct and the proximate result of the violation of section 2729.

In other words, appellant contends that it is not enough that the statute has been violated; and that if the violation did not bring about the injury to the plaintiff he has no cause of action on account of the violation. It is not necessary, however, to decide that question since there was abundant proof tending to show that the accident occurred by reason of the dense smoke which made it impossible for the miner's lamp to be seen beyond a distance of eight feet; that the smoke remained in the mine because appellant failed in its duty as prescribed by the statute; and that if it had performed its duty by properly ventilating the mine, the smoke would not have accumulated. It follows, therefore, that the defendant's failure to comply with the statute was the direct cause of plaintiff's injury.

2. It is further contended that the evidence conclusively shows that Elam and the two men who were pushing the mine car were fellow servants and that appellant's motion for a directed verdict should have been sustained for that reason. It is true these two men were miners

working in the same mine with Elam, and that they were loading, or preparing to load coal, at the time of the accident. But they were pushing a coal car while Elam was pushing a truck; he was in no way immediately connected with the work which the other two men were doing. They were in charge of different cars, and were not fellow servants any more than employees on different street cars, or railroad trains would be. This precise question was decided in Stearns Coal & Lumber Co. v. Tuggle, 156 Ky. 714, and again in McHenry Coal Co. v. Robinson, 169 Ky. 121, where it was said that two drivers of coal cars, hauling coal out of different entries in a coal mine, are not fellow servants.

Again, it is insisted that the proof clearly shows that Elam was guilty of contributory negligence. But this is not a fair deduction from the proof, which shows that the smoke was so dense in that portion of the mine that the ordinary miner's lamp could not be seen more than eight feet. Furthermore, the two men pushing the mine car ran into the truck which Elam was pushing, either from the rear or upon the side, while Elam was looking forward and in a different direction. According to the testimony of Elam they were in fault; and, as neither of the two men who were pushing the mine car was introduced as a witness, Elam's testimony stands uncontradicted. We conclude, therefore, that the circuit court was entirely justified in submitting the case to the jury.

3. The judgment cannot be said to be excessive. Elam's index finger to his right hand was fractured both above and below the knuckle. Aside from the physical pain and suffering endured by Elam, and his loss of eight weeks' wages at $2.50 per day, he testified that he no longer has the natural use of his hand; that it feels numb, and that he cannot hold his carpenter's tools with any action in his work as a carpenter, and that he sometimes drops them in his work. Dr. Combs dressed Elam's wound at the time of the injury, but he did not testify. Dr. Gross testified that Elam's finger was permanently injured and did not have its normal functions. Under this proof, we cannot say the verdict was excessive. It is only when the verdict is glaringly excessive and appears at first blush to have resulted from passion or prejudice, that we can interfere. L. & N. R. R. Co. v. Mitchell, 87 Ky. 327.

In Yellow Poplar Lumber Co. v. Ford, 141 Ky. 5, it was held that a recovery of $1,400.00 by a laborer, earning $1.50 per day, for an injury to the thumb of his left hand, leaving it shrunken and stiffened so that power to grip was lost, was not excessive. And, in McHenry Coal Co. v. Robinson, *supra*, a recovery of $3,000.00 by a coal miner, 23 years old, earning $2.24 per day, for injuries which permanently impaired the use of his right hand, was held not excessive. See cases collected in Ann. Cas. 1913A 1371.

Judgment affirmed.