## Bond v. Patrick, et al.

(Decided May 26, 1922.)

### Appeal from Johnson Circuit Court.

1. Pleading—Construction.—Pleadings are liberally construed after verdict and judgment to sustain the judgment, whereas on demurrer and before judgment they are strictly construed against the pleader.
2. Damages—Breach of Contract—Pleading.—A statement of the nature or character of damages sustained is not an essential to the statement of the cause of action for breach of contract, as nominal damages are always presumed and recoverable for a breach of contract, but a statement of the character of damage sustained is important upon the extent of the recovery, as special damages may not be recovered without pleading proof thereof.
3. Pleading—Breach of Contract—Special Damages.—The statements of a petition for breach of contract with reference to the nature of special damages sustained, held sufficient upon consideration thereof after verdict and judgment.

PRICHARD & MALIN, HELM BRUCE and KIRK & KIRK for appellant.

W. H. VAUGHN for appellees.

Opinion of the Court by Judge Clarke—Affirming.

This action was instituted by R. A. Patrick and H. G. Welch, now appellees, against appellant Raymond N. Bond and W. C. Daniel, to recover damages for breach of a written contract. Daniel was not gotten before the court, and the petition against him was dismissed; Bond was summoned but did not answer and the petition was taken as confessed against him. Thereafter the question of damages was submitted to a jury, which upon evidence

heard rendered a verdict against Bond for $5,785.00, the full amount prayed in the petition, and from the judgment entered thereon he has prosecuted this appeal.

As stated by his counsel, "the only question is as to whether or not the petition states a cause of action." The petition is too long to be copied here, but it contains in substance the following allegations, which for convenience of reference we have numbered:

(1) That plaintiffs, on September 5th, 1917, owned oil and gas leases on 23 described tracts of land, aggregating 2,314 acres, on the waters of Little Paint creek in Johnson and Magoffin counties.

(2) "That said leases were held by them on said date and there were provisions in said leases to the effect that two wells were to be drilled in two places on two of the aforesaid leases within certain times therein stated," and that the conditions of said leases were known to the defendants.

(3) That on said date plaintiffs sold and by written assignment transferred their leases on thirteen of the above tracts, containing 1,404 acres, to the defendants in consideration of their agreement to bore two wells on the thirteen leases within specified times and boundaries.

(4) That defendants violated their contract by failing to begin or complete either of said wells as agreed, or at all.

(5) That by reason of said failure plaintiffs "were compelled to and did forfeit" the ten leases not assigned to the defendants, and "in addition thereto and by the assignment mentioned herein, they parted with their title" to the thirteen assigned leases, and by reason of defendants' violation of said contract, plaintiffs were damaged the full value of all of said leases, "which was and is the sum of $2.50 per acre, making a total sum of $5,785.00;" that no part of said damages has been paid.

A copy of the contract is filed with and made a part of the petition, and the prayer is for judgment for $5,785.00 and for costs and all proper relief.

It is first contended by counsel for appellants that clause 2, as indicated above, must be construed to mean that only two out of the twenty-three leases contained provisions that wells were to be drilled upon them, but this is not true. The rule is that pleadings are liberally construed after verdict and judgment to sustain the judgment, whereas on demurrer and before judgment they are strictly construed against the pleader. Winstead v.

Hicks, 135 Ky. 154, 121 S. W. 1018; Myers v. Saltry, 163 Ky. 481, 173 S. W. 1138.

The tracts of land covered by the twenty-three leases are minutely and separately described just proceding this clause, and the words "said leases" therein evidently were meant and should be construed to refer to all of the leases just described. This would be true, we think, even if we were construing the language on demurrer and strictly against the pleader, and certainly it is true upon a liberal construction after judgment.

The only other complaint is that clause 5, as above indicated, pleads a legal conclusion in alleging that plaintiffs were compelled to and did forfeit the ten leases not assigned to the defendants. Again we think counsel are in error when it is considered that it already had been alleged that all of these leases contained provisions requiring plaintiffs to bore at least two wells upon two of them; that the defendants, with knowledge or these provisions, for a valuable consideration, agreed to dig these wells for plaintiffs, and had failed to do so.

The only reasonable inference to be drawn from this language, especially upon a liberal construction after judgment, is that all of the leases provided for forfeiture if the two wells were not completed within the time specified in the contract, which was known by defendants when the contract was entered into, and that the failure of the defendants to perform their contract with plaintiffs had forced a forfeiture of all the leases.

This, it seems to us, is not a legal conclusion but a statement of fact. Besides it is but a statement of the nature or character of the damages sustained and not an essential to the statement of a cause of action for breach of contract, but important only upon the extent of the recovery, since only general damages and such special damages as are pleaded can be proved and recovered.

Even if the whole of clause 2 and so much of clause 5 as refers to a forfeiture be entirely disregarded, the petition still alleges the execution of the contract and its breach by defendants, and that as a result thereof plaintiffs have been damaged in the sum of $5,785.00, for which they pray judgment.

If there had been no more than this alleged, the petition would have stated a cause of action, since even though no actual damages be shown, nominal damages are always presumed and recoverable for a breach of contract. Moore v. Linneman, 143 Ky. 233, 136 S. W. 232;

Harness, &c. v. Ky. Fluorspar Co., 149 Ky. 65, 147 S. W. 934.

It is therefore clear, not only that there is no merit in appellant's contention that the petition did not state a cause of action, but also that the whole criticism of it relates only to its sufficiency to support the judgment by pleading, as special damages, the actual loss resulting from the breach, and that even this criticism is groundless when the petition is construed liberally, as must be done.

Wherefore the judgment is affirmed.