# Hughes et al. v. Ramey.

June 13, 1947.

Edward L. Allen, Special Judge.

P. B. Stratton for appellants.

J. E. Sanders and Francis M. Burke for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

The returns of a local option election held in Magisterial District No. 8 of Pike County, on September 30, 1946, were 879 votes in favor of prohibiting the sale of intoxicating liquor, and 706 against, a favorable majority of 173. The election was contested on several grounds. The circuit court, a special judge presiding, adjudged the election void on the ground that the law requiring the posting of five notices of the election in each voting precinct was not complied with.

The sheriff, D. C. Moore, with one of his deputies, Lesten Justice, posted notices in each of three or four precincts. He had directed another deputy, Bristol Hale, to post notices in the other five precincts. Hale was not familiar with the boundaries of the precincts and his inquiries seemed to have been directed to persons who were as lacking in knowledge as himself. He appears not to have been very much concerned about the performance of his duty.

The appellants do not question the decision on the evidence, but insist that none of it was admissible under the general rule of practice that proof is not to be received without proper and timely pleading, and that this ground of contest was not pleaded except in a reply, which is not permitted, and that it was even thus set up 46 days after the statutory limitation of 30 days had expired. Other questions are predicated upon or collateral to this main point.

Paragraph 3 of the contest petition, filed October 29th, in substance charged that no order was ever entered by the county court for the election in District No. 8 in conformity with the petition for an election; no copy of any order calling such election was delivered to the

sheriff; the sheriff did not advertise an election in the district as required by the statute, or otherwise, in that he failed to publish an order calling such election in a newspaper, "or by the posting of any written or printed handbills containing said order calling an election in said district;" that the Clerk failed to deliver a certified copy of said order calling said election, to the Sheriff of Pike County, Kentucky, and the Sheriff failed to advertise said election as required by Statute, for the reason that no such order was ever entered or signed by the Judge of the Pike County Court." The paragraph further sets up that the form of the question placed on the ballots, which is that described in KRS 242.050, with the insertion, "in the Eighth Magisterial District of Pike County, State of Kentucky" was without any authority or direction. The paragraph was amended the next day to elaborate the latter allegation. A copy of the order which was entered by the county court was filed as an exhibit. That order recites a filing of separate petitions for local option elections in each of the eight magisterial districts "requesting that a separate election be held in each, the first, second, third, fourth, fifth, sixth, seventh and eighth magisterial districts of Pike County, Kentucky, on the same day, Monday, September 30, 1946." The court ordered that an election be held "in each of the voting precincts of each of the magisterial districts" and that "separate elections be held in each district." It further provided "each of the said eight magisterial districts in said Pike County shall have separate ballots with the magisterial district number stated on the ballot."

The court overruled the contestees' demurrer to the other paragraphs of the petition, but reserved a ruling on the demurrer to and a motion to strike this paragraph. The answer was a general denial of each of the allegations of the petition.

On December 9th the contestees filed an amended answer in which they affirmatively pleaded the converse of the allegations of the amended petition above summarized. They specifically pleaded that the sheriff had properly advertised and posted five copies of the election notice in each of the voting precincts. They filed as a part of the pleading a copy of a return of the sheriff to that effect.

On December 16th the contestant filed a reply in which he denied "each and every allegation" of the amended answer. The reply further attacks the sheriff's return as being false and fraudulent. The charge is based upon statements that it had been prepared by the attorney for the dry forces and signed by the sheriff at his request; that the sheriff did not know and had not been informed that the notices had been posted, but the attorney for the dry forces and his associates knew that such notices had not been posted. In this reply also appears the definite and unqualified affirmative allegation that notices had not been posted at five places in each of the several precincts of the districts.

A motion to strike this latter part of the reply upon the ground that it attempted to set up a new cause of contest was overruled.

The arguments principally relate to this reply and the admissibility of the evidence, which clearly established a failure to post the notices in four or five of the precincts in District No. 8, and to when the sheriff's return was made and lodged in the County Clerk's office.

There can be no doubt that a party may not set up a ground of contest in a reply. Herald v. Turner, 237 Ky. 827, 36 S. W. 2d 623. The court should have stricken this part of the reply. On the other hand, it is equally certain that it is a proper pleading to challenge the sheriff's return on the ground of mistake and fraud, since it was a plea in avoidance after it had been presented in the amended answer. Section 98, Civil Code; Jackson v. Bolt, 292 Ky. 503, 166 S. W. 2d 831.

The court is of opinion that Paragraph 3 of the original petition was sufficient to present the issue as to the posting of the notices. The conclusion that it was not done "for the reason" that there was no order calling the election is surplusage and may be disregarded. McHenry Coal Co. v. Robinson, 169 Ky. 121, 183 S. W. 489; A. Arnold & Son Transfer & Storage Co. v. Weisiger, 224 Ky. 659, 6 S. W. 2d 1084. It is true that the predicate or "reason" was contradicted by the order, a copy of which was filed as an exhibit with the pleading. That order specifically refers to the filing of separate petitions for election in each of the eight magisterial districts of the county, and expressly and clearly

orders an election in each district, with separate ballots for each. The fatality which the local option election in three districts of Union County met up with was the grouping of them as a unit in one petition seeking the election and not the inclusion in one order directing that three separate elections be held. Herron v. McMurray, 303 Ky. 190, 197 S. W. 2d 55. Though the "reason" was an unwarranted legal conclusion, there was a pleading of the fact that notices were not posted as required by the statute, and after judgment pleadings should be liberally construed to sustain it. Bond v. Patrick, 195 Ky. 37, 241 S. W. 342.

If there be doubt of the soundness of this conclusion as to the sufficiency of the contestant's original plea, notice may be taken of the fact that the issue was affirmatively raised by the contestees in their amended answer, and they cannot with fairness be heard to say that it was not in the case.

The sheriff had posted notices himself or with his deputy, who actually tacked them up, in three or four precincts. He relied on the verbal report of Bristol Hale, a deputy sheriff, that he had performed that duty. That the deputy did not do. The sheriff's memory was hazy as to when he signed the return, but he seemed quite sure that he did not personally lodge the report with the county clerk. The paper was never endorsed and a record of filing it never made. The county clerk could not say when the report was received in her office, but, after wavering, she concluded in the end that before the contests were filed she had seen some paper signed by the sheriff among the papers relating to the several local option elections. The statute places the duty on the sheriff to "report in writing to the county court that the notices have been published and posted." KRS 242.040. As an important process, the law contemplates that a record be made on the minute book of the county court of the receipt of such a report. Certainly, it was the duty of the clerk at least to have endorsed the document as filed as of the date thereof. The duty of filing and preserving all papers of the county court is placed upon both the county judge and the county clerk, and either may be held responsible for damage resulting from negligence in this particular. KRS 25.240. In the present case the negligence on the part

of both the sheriff and the clerk seems to have resulted only in difficulty and confusion. Some time it may be more important, perhaps controlling, as to when such a report was filed.

The evidence sustains the charge that the officers' report was made by mistake, but does not establish "fraud in the party benefitted thereby." KRS 61.060. Therefore, the way was open for the consideration of the evidence as to whether or not the notices had been posted in accordance with the provisions of the law. As we have stated, the appellants concede that they were not.

Responsibility for the annulment of the election, with the resulting defeat of the apparent will of a majority of the people and the cost to the county incurred in holding the election, must be laid upon the sheriff, D. C. Moore, and his deputy, Bristol Hale. To state it mildly, Hale was not much concerned whether he performed his duty or not. There are statutory remedies and penalties for this dereliction in duty. KRS 61.170, 70.020, 70.040, 124.110.

The judgment is affirmed.