JUDGE COFEB
delivered the opinion oe the court.
Having returns of nulla bona on executions issued upon two judgments at law against the appellant, the Louisville City Railway Company, the appellee brought suits thereon in the Louisville Chancery Court under section 474 of the Civil Code, and caused attachments to issue, which were levied by the sheriff of Jefferson County upon an iron safe belonging to the company and upon money belonging to it which was found in the ha,nds of its agent. The company thereupon gave bond with the appellant Davidson as surety to perform the judgment of the court in the actions respectively.
The court having adjudged that the railway company should pay to the appellee the amounts of the judgments sued upon, rules were awarded against the company and its surety, C. G. Davidson, to pay into court the amount of said judgment; and the rules having been made absolute, both have appealed to this court, and insist that the bonds are not valid as statutory bonds, and can not be enforced by rule.
The bonds were both taken and approved by the deputy sheriff who levied the attachments, and it does not appear' that either was executed in or approved by the court.
Sections 242 and 243 of the Civil Code provide that “if the defendant, at any time before judgment, causes bond to be executed to the plaintiff by one or more sufficient sureties, to be approved by the court, to the effect that the defendant shall *418 perform the judgment of the court, the attachment shall be discharged and restitution made of any property taken under it or the proceeds thereof;” and that the bond may, in vacation, be executed in the presence of the sheriff having the order of attachment in his hands, or, after the return of the order, before the clerk, with the same effect upon the attachment as if executed in court; the sureties in either case to be approved by the officer.
Section 777 of the Code provides that the Louisville Chancery Court shall be deemed to be always open for the transaction of business.
The bonds in question were not therefore executed in vacation, and should have been executed in court; the sheriff was not authorized to take them, and they can not, for that reason, be treated as statutory bonds; and the chancellor had no right to enforce compliance with them by proceeding under section 254 as for contempt.
"Wherefore the orders making the rules absolute are reversed, and the cause is remanded with directions to discharge the rules without prejudice.