## Wickliffe, et al. v. Farmers Bank of Frankfort.

(Decided February 2, 1911.)

### Appeal from Ballard Circuit Court.

Judgments—Correction After Term—Jurisdiction at Subsequent Term—Appeal.—A circuit court has no jurisdiction at a subsequent term to set aside a judgment of a former term on the ground that it was erroneous, or because the proceedings were irregular. After the term, these matters can only be inquired into and corrected by appeal based upon the original record or such as might be legally substituted for it by the circuit court.

J. B. WICKLIFFE for appellant.

CORBETT & WHITE and JAS. H. POLSGROVE for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

In an action by appellee against appellants upon a bond of indemnity against loss of certain deposits made by appellee in the Farmers Bank of Wickliffe, the judgment was for appellee.

It appears that the papers in the case were lost. Judgment was rendered at the April term, 1910, of the Ballard circuit court. At the August term, 1910, the appellants filed a petition in the same case for a new trial, and gave notice that they would apply to have the judgment rendered in April set aside. The circuit court refused to grant the new trial. The appeal is from the first judgment. The original papers have not yet been found, so far as the record before us shows, nor have they been supplied by a substituted record. It is, therefore, impossible for us to know what was in the former record. The presumption is, it would sustain the judgment. The circuit court had not jurisdiction at a subsequent term to set aside the judgment on the ground that it was erroneous, or because the proceedings were irregular. After the term those matters could be inquired into and corrected by this court only upon an appeal based upon the original record, or such as might be legally substituted for it by the Ballard circuit court. Upon the record before us there does not appear any error.

Judgment affirmed.