### Meuth, et al. v. Meuth, et al.

(Decided October 31st, 1916.)

### Appeal from Henderson Circuit Court.

1. Appeal and Error—Judgment—Alteration of Judgment—Final Order.—A judgment of the circuit court which finally adjudges the rights and interests of all parties in a particular fund is a final judgment, from which an appeal can be taken, and it cannot be vacated or altered by the court rendering it after the term at which it is rendered except as provided by the code.

2. Appeal and Error—Judgment.—Such a judgment is a bar to an adverse contention in another suit by parties to the first suit, and the court cannot in the subsequent action avoid its terms either directly or indirectly.

S. O. HEILBRONNER, MONTGOMERY MERRITT, VANCE & HEILBRONNER for appellants.

CLAY & CLAY, G. G. DIXON, S. V. DIXON and DORSEY & DORSEY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Andrew Meuth, the father of appellants and appellees, died in November, 1912. He left a widow, his sec-

ond wife, and two sets of children, all full grown and of legal age. One set, the appellees herein, are the children of his first wife. The appellants are the children by and heirs of his second wife, who is likewise now dead. The last wife died in November, 1914, after her dower had been assigned to her and all rights she had in this proceeding had become fully vested.

Andrew Meuth left a writing which was admitted to probate as his will by the county court of Henderson county, but which upon appeal to the circuit court was held not to be his will, and the judgment of the circuit court was affirmed by this court in Meuth's Executrix v. Meuth, et al., 157 Ky. 784. Under the terms of this writing the widow, Elenora Meuth, was named as executrix, and she qualified as such, but after the will was held invalid, she resigned the trust, and made in the county court a full settlement of all things done by her as such executrix, and the Ohio Valley Banking & Trust Co. was appointed and qualified as administrator of Andrew Meuth. To this settlement several exceptions were filed by the older set of Andrew Meuth's children. Before these exceptions were acted upon in the county court, the administrator, the Ohio Valley Banking & Trust Company, and Elenora Meuth filed an action in the Henderson circuit court for a settlement of the estate of Andrew Meuth, and soon thereafter an agreement was reached by all of the parties interested, reduced to writing and signed by them, and this agreement on June 5, 1914, was entered as an agreed judgment in the suit to settle the estate of Andrew Meuth, and pursuant to that agreement, the exceptions to the settlement filed by Elenora Meuth as executrix in the county court were withdrawn and that settlement confirmed.

During the time that Elenora Meuth had acted as executrix of the estate of Andrew Meuth, and before dower was assigned to her, she had collected as the gross rents from his real estate a sum amounting to $3,104.00.

The agreed judgment of June 5, 1914, among other things, adjudged as follows:

"It further appearing to the satisfaction of this court, that Mrs. Elenora Meuth collected for the estate of Andrew Meuth, deceased, as rent of said lands and houses and lots as shown by settlement with the Henderson county court, aggregating the sum of thirty-one hundred and four ($3,104.00) dollars, which was turned over to

the administrator, the Ohio Valley Banking & Trust Company, incorporated, save her one-third dower interest, which is one thousand and thirty-four ($1,034.67) dollars and sixty-seven cents; therefore, the other heirs never having gotten any part of the said rent, it is adjudged that the other nine heirs at law named herein—counting the children of Mrs. Lizzie Long as one part—are entitled to a ninth each of the remainder of the said rents, the said balance being the sum of two thousand and sixty-nine dollars ($2,069.33) and thirty-three cents, which sum shall be deducted before the widow shall receive any portion of the assets in the hands of the administrator.''

After the death of the widow, Elenora Meuth, and when the administrator, Ohio Valley Banking & Trust Company, was about to make a final distribution of Andrew Meuth's personalty under the judgment of June 5, 1914, the appellants, who are the children and heirs of Elenora Meuth, presented to said administrator a statement of items amounting to $1,441.92 which they claimed had been erroneously charged to and paid out of the personalty, and demanded of said administrator that it correct this alleged mistake out of the funds then in its possession before making a final distribution. Thereupon the administrator filed this action in the Henderson circuit court asking the advice and counsel of the chancellor upon that matter.

By agreement of all the parties, appellants were permitted to recover in their own names as the heirs of Elenora Meuth without appointment and intervention of an administrator of her estate whatever such an administrator could recover, and to rely upon the petition in which is set up their contention that this $1,441.96 should have been paid out of the two-thirds of the gross rents from the real estate which by the judgment of June 5, 1914, was adjudged in equal portions to all of the children of Andrew Meuth.

Issue having been joined and proof heard, upon submission the chancellor adjudged that appellants' contention was concluded by the judgment of June 5, 1914, in the suit for a settlement of the estate. From that judgment, which was rendered in the suit by the administrator for advice and counsel, this appeal is prosecuted.

No appeal has ever been prosecuted from the judgment of June 5, 1914, rendered in a separate suit for the settlement of the estate. It will be noticed that in that portion of the judgment of June 5, 1914, quoted above, the rights of all the parties in and to the fund arising from the rent of the real estate is finally adjudicated, and by that judgment the two-thirds of the rents remaining after the allotment to the widow of her one-third portion thereof was adjudged to the nine children of Andrew Meuth, under which judgment the three appellants together with the other children were paid by the administrator one-ninth each of that fund. That judgment not only finally determined the rights of all the parties in and to that fund, but a distribution of the fund was made according to its terms. That that judgment was a final judgment and was appealable there can be no question. It therefore became final at the close of that term of the Henderson circuit court, and except by appeal could not be altered or vacated except as provided by Section 518 of the Civil Code. The action before us upon this appeal was not in any sense an action as provided for by the section of the code above referred to, and the chancellor correctly held that the judgment of June 5, 1914, was a bar to appellants' contention here. Counsel for appellants, however, contend that since there is still a sufficiency of the funds in the hands of the administrator, out of which an adjustment could be made to correct the alleged error that the chancellor has the power and ought to do it; but to this we cannot agree. since to do so would be to do indirectly the very thing the court did not have the power to do directly, as it would amount to a vacation or modification of a final judgment of that court in another case.

Wherefore the judgment is affirmed.