## Malnowski v. Stacy.

(Decided October 11, 1929.)

W. G. W. RIDDLE for appellant.

J. E. CHILDERS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE McCANDLESS—Reversing.

Bruno Malnowski brought this suit at law against C. J. Jones and Everett Fletcher to recover the sum of $500 alleged to have been obtained by them from him without consideration. An order of general attachment was issued and levied on an automobile belonging to Fletcher. A bond to perform the judgment of the court and in conformity with the provisions of section 221 of the Civil Code was executed by Fletcher and Jones and by A. T. Stacy as surety. Whereupon the attachment

was discharged. Numerous pleadings were filed, in the last of which Jones withdrew his answer and the plaintiff dismissed the action as to Fletcher. A judgment was rendered in favor of Malnowski against Jones in the sum of $500. At a subsequent term of court on notice duly executed and in accordance with the provisions of chapter 5, title 10 (sections 444-449), of the Civil Code, Malnowski recovered a judgment against A. T. Stacy, surety on the bond, for the amount of the judgment that had theretofore been rendered against Jones. Thereafter at the next succeeding term Stacy entered a motion to set aside the judgment against him. It does not appear upon what ground the motion was made. However, it was sustained by the court and the judgment against Stacy set aside. Malnowski excepted and appeals.

Section 232 of the Civil Code authorizes an execution to issue on bonds of this character. Also it has been held that such collections may be made by rule. See Leet v. Lockett, 4 Metc. 56; Louisville City Ry. Co. v. Masonic Savings Bank, 12 Bush, 416, Chapter 5, title 10 (sections 444-449), of the Civil Code provides for summary proceedings on motion in all ". . . cases specially authorized by statute." Section 444. The circuit court has jurisdiction to determine whether this action would lie, and therefore the judgment, even if erroneous, is not void. Nor is appellee's motion based on an alleged clerical misprision. Consequently the court was without jurisdiction to set aside the judgment against Stacy on motion after the term at which it was entered. Appellee's remedy, if he had any, was by a suit to vacate the judgment under the provisions of title 12 of the Civil Code (sections 513-524). It follows that the order vacating the former judgment was erroneous and must be set aside.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.