## Fowler v. Wiley.

(Decided December 2, 1930.)

LAWRENCE S. GRAUMAN for appellant.

WOODWARD, HAMILTON & HOBSON and WILBUR FIELDS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the month of December, 1929, Elizabeth Fowler brought this suit in the Jefferson circuit court, common pleas branch, first division, against Simon Billiter and Rodman Wiley, partners trading and doing business as Billiter & Wiley, to recover the sum of $240 for the use and occupation of a tract of land belonging to her and situated in Hardin county. On December 14, 1929, process was served on Wiley, and returned "Not found" as to Billiter. On January 6, 1930, the action was set at rules, and on January 11, 1930, plaintiff moved for judgment against Wiley. On January 18, 1930, the motion was sustained and a default judgment rendered against Wiley. On May 9, 1930, Wiley filed a motion to set aside the judgment on the ground that it was void for two reasons: (1) The petition failed to state a cause of action; (2) a default judgment cannot be properly rendered against a partner individually in the absence of service upon the other partner. On May 24, 1930, the motion was sustained, and the judgment was set aside. Elizabeth Fowler has prayed an appeal.

Courts of continuous session, such as the Jefferson circuit court, have control over their judgments for only 60 days. Section 988, Kentucky Statutes; Thompson v. Porter, 183 Ky. 848, 210 S. W. 948. Here the motion to set aside the judgment was not made until more than 60 days after its rendition. That being true, the court was without jurisdiction to set aside the judgment unless the judgment was void. The default judgment, though based on an insufficient petition, was not void, but merely erroneous. Holzknecht v. Louisville Deutsche Scheutzen Gesselschaft, 195 Ky. 189, 241 S. W. 804; Bond v. Patrick, 195 Ky. 37, 241 S. W. 342. Nor was the judgment void because Billiter was not before the court. The proceeding was not in rem, but against the individual partners, and

being jointly and severally liable for the firm's debts, either or both could be sued.

The default judgment not being void, the court was without power to set it aside, and defendant's only remedy was by appeal.

Wherefore the appeal is granted, and judgment reversed and cause remanded for proceedings consistent with this opinion.