## Stratton & Terstegge Co. v. Begley et al.

(Decided June 6, 1933.)

G. C. WILSON for appellant.

S. M. WARD for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

Stratton & Terstegge Company, a corporation with its principal place of business at Louisville, brought this suit in the Perry circuit court against Laura E. Begley, C. C. Begley, and O. E. Begley, to recover a balance of $302.50 due for goods, wares, and merchandise furnished and delivered to them at their special instance and request. Summons was duly issued and served on the defendants on November 16, 1931. The defendants having failed to appear and make defense, judgment was rendered against them for the debt and interest at the February term of the court, which began on February 15th, and continued for 24 juridical days. On April 6, 1932, and after the expiration of the February term, Laura E. Begley filed in the office of the clerk a motion to set aside the judgment, and tendered and offered to file an answer denying the allegations of the petition. At the July term of the court plaintiff moved to strike from the record the motion to set aside the judgment, as well as the answer offered to be filed on the ground that the February term as extended was closed on March 19, 1932, and plaintiff had no notice of the motion. The cause coming on for hearing the court entered an order setting the judgment aside. From that order plaintiff has moved for an appeal.

The grounds of the motion to set aside the judgment were (1) clerical misprision, (2) the itemized statement filed with the petition showed the indebtedness to be due by the Hazard Flour & Feed Company. The court set aside the judgment on the second ground. It is true that the court has power after the expiration of the term to vacate or modify a judgment for clerical misprision, Civil Code of Practice, sec. 518, subsec. 3, and that the proper method of correcting a misprision of the clerk is by motion upon reasonable notice to the adverse party or his attorney. Civil Code of Practice,

sec. 519. The misprision relied on is that the judgment included interest of $8.40, which was in excess of the amount of interest due as shown by the itemized statement of account. Even if it be true that unauthorized interest is included in the judgment, a question not now decided, the court should have corrected the judgment to that extent, and was without power to set aside the judgment.

It remains to determine whether the action of the court was justified on the ground that the statement of account shows that the goods were purchased by the Hazard Flour & Feed Company, and not by the Begleys. Except in the manner and for the causes set out in section 340 and 518, Civil Code of Practice, none of which are relied on except misprision of the clerk, which is not available, circuit courts other than courts of continuous session, which have control over their judgments for 60 days, are without power to set aside a judgment after the term unless the judgment be void. Wickliffe v. Farmers' Bank of Frankfort, 142 Ky. 35, 133 S. W. 966; Kentucky Bonding Co. v. Commonwealth, 178 Ky. 605, 199 S. W. 807; Fowler v. Wiley, 236 Ky. 313, 33 S. W. (2d) 14. Whether the petition was sufficient or not, we deem it unnecessary to determine. It is sufficient to say that, even if it was insufficient, the judgment was not void, as the court had jurisdiction of the subject-matter of the action and of the defendants, but was merely erroneous. Fowler v. Wiley, supra. The default judgment not being void, the court was without power to set it aside, and the only remedy of the defendants was by appeal.

Wherefore, the appeal is granted, and the judgment reversed and cause remanded with directions to set aside the order vacating the judgment.