## Robbins et al. v. Hopkins et al.

(Decided Nov. 24, 1933.)

MARTIN T. KELLY for appellants.

E. N. INGRAM, WALTER B. SMITH and N. R. PATTERSON for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

The appellants, George G. Robbins, James Hoskins, Leonard Hoskins, and Sam Van Beber, citizens, residents, and taxpayers of Bell county, Ky., suing in their own behalf and in behalf of all other taxpayers of Bell county similarly situated, brought this suit against the county judge and the justices of the peace of Bell county, who constituted the fiscal court of the county during the years 1926 to 1929, inclusive, and their respective bondsmen, to recover certain sums of money alleged to have been illegally appropriated to their own use and the use of others by the defendants while members of the fiscal court. They sought to recover for the use and benefit of the county the sum of $4,872 alleged to have been allowed to members of the fiscal court as salary in excess of the amount authorized by law; the sum of $3,321.31 alleged to have been allowed to various members of the fiscal court on contracts in which they were interested directly or indirectly; the sum of $1,-710.43 illegally allowed and paid to members of the fiscal court for telephones and telephone services in excess of the sum authorized by law; the sum of $800 for the purchase of copies of the Kentucky Statutes and Codes without authority of law; and the further sum of $20,000 alleged to have been illegally appropriated out of the road funds of the county.

The defendants filed general and special demurrers to the petition, which were overruled. On the theory that there was an improper joinder of parties defendant and causes of action, they moved the court to require the plaintiffs to elect which one of the defendants they would prosecute their action against and which

cause of action they would prosecute. This motion was overruled.

Two of the defendants, W. G. Stone and J. Liford, who were sureties on the bond of Walter Snow, one of the magistrates, filed a motion to require the plaintiffs to make more definite and certain their petition in these particulars: (1) By filling in the blanks in the petition; (2) by stating the date when Stone and Liford became sureties on the bond of Walter Snow and how long they remained on said bond; (3) the exact amount that the plaintiffs were seeking to recover from Stone and Liford and on what items they sought to recover same.

The defendant Berry P. Howard, who was a surety on the bond of James Hibbard, filed a similar motion to require the plaintiffs to make their petition more definite and certain against him. The court sustained the motions of these defendants to require the plaintiffs to make their petition more definite and certain, and the case was referred to a special commissioner to hear evidence and report his findings to the court. The special commissioner heard proof and, at the May, 1932, term of the Bell circuit court, filed his report.

He found that beginning in June, 1926, the members of the fiscal court of Bell county were allowed the sum of $6 per day each for each day they were engaged in holding fiscal court, and that, since each member was entitled to only $4 per day for each day he attended meetings of the fiscal court, there was an illegal allowance of $2 per day. He further found that the defendants who served as members of the fiscal court during the period in question received as salaries the following sums in excess of the amount authorized by law, to wit: Harve Hopkins, $214; Dan Hoskins, $42; James Hibbard, $164; Walter Snow, $338; R. T. Boatright, $366; Jacob Schultz, $258; C. C. Thompson, $360; J. A. Fulton, $270; C. G. Turner, $242; L. T. Hatfield, $298; a total of $2,752. He also found that the fiscal court during the period in question had allowed $412.56 in payment for books furnished to each magistrate, which was unauthorized by law, and that the court had made an illegal allowance of $681.21 to the wife of the defendant C. G. Turner, member of the fiscal court. He also found that the fiscal court had allowed and paid telephone bills which were not properly chargeable

against the county during the terms of office of the defendants. He reported that, on account of the unsatisfactory manner in which the order book of the fiscal court was kept, it was impossible to separate the legal from the illegal appropriations made out of the road fund, and he made no finding on this item. The report of the special commissioner was confirmed at the May, 1932, term of the Bell circuit court, and at the following September term of the court the plaintiffs moved on several occasions that the case be submitted for judgment.

On November 4, 1932, which was during a special term of court, the case was, on motion of the plaintiffs, submitted for judgment, and it was adjudged that the plaintiffs recover for the use and benefit of Bell county the amounts reported by the commissioner collected as salaries by the respective defendants in excess of the compensation allowed to them by law and for which allowances they voted. It was further adjudged that the sums set out against each of the defendants be first collected from the separate defendants and their bondsmen to the amount named. The judgment at great length set out the liability of each defendant and limited the liability of each surety to the penal amount named in the bond and to the amount for which his principal was liable during the time he was surety on the bond.

On January 13, 1933, which was the 11th day of the January, 1933, term of the Bell circuit court, ten of the defendants moved the court to set aside the judgment rendered against them on November 4, 1932, on the ground that before the case was submitted they had filed a special demurrer which had never been passed on by the court. On January 17, 1933, the defendants Berry P. Howard, J. Liford, and W. J. Stone moved the court to set aside the judgment on the ground that the court had sustained their motion to require the plaintiffs to make more definite and certain the allegations of the petition, and that the judgment was rendered before the plaintiffs complied with such order. The court sustained the motion to set aside the judgment theretofore rendered. The plaintiffs later moved the court to vacate its order setting aside the judgment rendered on November 4, 1932, and their motion was overruled, and they have appealed.

If the judgment rendered on November 4, 1932, was a valid, final judgment, the court was without jurisdiction to set it aside after the expiration of the term at which it was rendered. In Cooper v. Williamson, 198 Ky. 62, 248 S. W. 245, 247, it was said:

"It is a rule of practice strictly adhered to by this court that a judgment final in its nature cannot be vacated, set aside, or annulled after the adjournment of the term at which it was rendered, except by proceedings under sections 344 and 518 of the Civil Code."

Other cases to the same effect are Stratton & Terstegge Co. v. Begley, 249 Ky. 632, 61 S. W. (2d) 287; Crawford v. Riddle, 241 Ky. 839, 45 S. W. (2d) 463; Brown's Administrator v. Gabhart, 232 Ky. 336, 23 S. W. (2d) 551; Malnowski v. Stacy, 231 Ky. 23, 20 S. W. (2d) 1008; Schlenker v. Clark, 226 Ky. 665, 11 S. W. (2d) 725; Meuth v. Meuth, 171 Ky. 840, 188 S. W. 849; Wickliffe v. Farmers' Bank of Frankfort, 142 Ky. 35, 133 S. W. 966.

It is appellees' contention that, appellants having failed to comply with the order of the court to fill the blanks in the petition and make its allegations more definite and certain, the pleadings had not been completed, and the judgment of November 4, 1932, was rendered before the action stood for trial. It is urged that the judgment which the circuit court set aside constituted a clerical misprision as defined by section 517 of the Civil Code of Practice, which reads:

"It shall be deemed a clerical misprision to render judgment before the action stood for trial pursuant to the provisions of this Code."

Section 519 of the Civil Code of Practice, however, provides in part that:

"The motion to vacate a judgment because of its rendition before the action regularly stood for trial can not be made after the expiration of the first three days of the succeeding term."

Conceding that appellees' contention is correct, the judgment was not void, but merely premature. The term at which the judgment was rendered passed without any action being taken by the defendants, and the motion to vacate the judgment rendered on November

4, 1932, was not filed until the 11th day of the January, 1933, term of the court. This was not in compliance with section 519 of the Code, as it was made after the expiration of the first three days of the succeeding term. Counsel for appellees in their brief state that the motion to vacate the judgment was made before the expiration of the third day of the succeeding term, but the record fails to support this statement. The succeeding term of the Bell circuit court, at which civil cases could have been tried, commenced on the first Monday in January, 1933. The record shows that on the 10th day of January, 1933, the attorneys for ten of the defendants filed a notice directed to the plaintiffs, notifying them that the defendants named in the notice would on January 13, 1933, move the court for an order setting aside the judgment rendered on November 4, 1932, and that the motion would be based on the ground that each of the defendants had interposed a special demurrer before the case was submitted, and that the demurrer had never been passed on by the court. It is conceded, however, and the record so shows, that this demurrer was overruled before the case was submitted for judgment. The record further shows that the defendants Berry P. Howard, J. Liford, and W. J. Stone notified the plaintiffs on January 11, 1933, that they would on January 13, 1933, move the court to set aside the judgment on the ground that a motion to require the plaintiffs to make more definite and certain the allegations in their petition had been sustained, and the order directing them to make the petition more definite and certain had not been complied with when the judgment sought to be set aside was rendered. The motion by Howard, Liford, and Stone to set aside the judgment was not made on the day specified in the notice, but was made on January 17, 1933, which was the fourteenth day of the January term. Even though the motion to set aside the judgment had been made before the expiration of the third day of the succeeding term of court, it should have been overruled, since the petition, in so far as the allegations relative to the excessive amount of salaries received by the members of the fiscal court were concerned, was sufficiently specific to warrant the judgment rendered.

The allegations relative to other matters were either abandoned or dismissed by the plaintiffs before

the case was submitted for judgment, and the only issue left in the case was whether or not the members of the fiscal court had received during their term salaries in excess of the amount authorized by law and, if so, the amount. The dismissal or abandonment of the allegations of the petition which were not definite and specific was in substance a compliance with the order of the court. The allegations in the petition respecting the excess of $2 per day allowed and collected by the various magistrates are definite and certain. The name of each member of the fiscal court, the time he served, the amount of each bond, the name of each surety, the time he acted as such, the amount paid to each magistrate, the dates on which meetings were held, the name of each magistrate present or absent, and the amount each magistrate was legally entitled to collect, and the sum he did collect were set out in the petition. The judgment was limited to the item of excess salaries, and the allegations of the petition in this respect were sufficiently definite and certain to authorize the judgment rendered.

It follows that the court was without jurisdiction to set aside the judgment at a subsequent term of the court, and its judgment so doing is therefore reversed.