**BAX, Sheriff v. FLETCHER.**

Court of Appeals of Kentucky.

Oct. 23, 1953.

J. D. Buckman, Attorney General, Jack Reed, Asst. Atty. Gen., Frankfort, A. Scott Hamilton, Commonwealth Atty., Louisville, for appellant.

Frank E. Haddad, Jr., Louisville, for appellee.

COMBS, Justice.

This is an appeal by the Commonwealth from a judgment releasing the appellee Fletcher from custody of the sheriff of Jefferson County on a writ of habeas corpus.

Fletcher was sentenced by Judge Ropke, presiding Judge of the Jefferson Circuit Court, Criminal Branch, on February 10, 1953, to five years' confinement in the penitentiary on a plea of guilty to voluntary manslaughter. A few days thereafter Fletcher was taken to the penitentiary at LaGrange and commenced serving his term.

There is no record of any further steps in the case until April 10, 1953. On that date, according to the court's order book, Fletcher's counsel filed motion to "withhold rendition of judgment." It was stated in the order filing this motion that it was being filed nunc pro tunc as of February 11, 1953, which was the day after the judgment of sentence. A hearing on the motion was set for April 17 and in the meantime the warden at LaGrange was ordered to produce Fletcher in court for the hearing. By an unusual coincidence the motion, which is the first link in the chain of events culminating in this litigation, has been lost and is not part of the record, although what is said to be a duplicate copy has been produced by Fletcher's counsel.

On April 17 an order was entered that "the motion herein as to Fletcher to withhold the rendition of the judgment be and it is sustained" and Fletcher was released from custody on probation.

The Department of Welfare submitted the foregoing facts to the Attorney General and requested his advice on what action, if any, should be taken by the department. The Attorney General, relying on the opinion of this court in Brabandt v. Commonwealth, 157 Ky. 130, 162 S.W. 786, rendered an opinion expressing the view that the order of the Jefferson Circuit Court purporting to place Fletcher on probation was void. The Welfare Department thereupon caused a warrant for Fletcher's arrest to be issued by the County Judge of Oldham County. The warrant was executed by the sheriff of Jefferson County and Fletcher was placed in the Jefferson County jail. Fletcher's counsel then filed in Judge Ropke's court a petition for writ of habeas corpus. At a hearing held on June 23 the petition was sustained and Fletcher was released from custody. In another order entered on the same day it was recited that Fletcher's motion of April 10 to "withhold rendition of judgment" also was a motion to set aside the judgment of February 10 sentencing Fletcher to the penitentiary; and that the order of April 17 withholding "rendition of the judgment" also set aside the judgment of February 10 pronouncing sentence; but that by clerical misprision the orders entered on the court's order book failed to show such action was taken.

We have listed the procedural steps in this case in chronological order not only because such a summary is necessary for an intelligent appraisal of the case, but also in order to demonstrate the possibilities for confusion caused by this jumble of orders, corrected orders, and orders setting aside other orders. The law of the case is comparatively simple. Confusion has resulted only because appropriate orders were not entered in the order book showing the steps taken. It is elementary, of course, that a court speaks only through its orders, and it is of the utmost importance that the court's order book accurately reflect steps taken and the court's rulings.

KRS 451.130(1), which was in effect during the course of this proceeding, provided: "Each court having continuous session shall have control over its judgments for sixty days as other circuit courts have over their judgments during the term in which they are rendered." It should be noted that this statute has been repealed by 1952 Senate Bill 212, c. 84, § 6, effective July 1, 1953.

■ We held in Commonwealth v. Kazee, Ky., 252 S.W.2d 20, that the Judge of a court of terms may, during the term at which a defendant is sentenced, set aside the judgment of sentence and place the defendant on probation. The circuit courts

in Jefferson County are by statute designated as courts of continuous session, and by the terms of the statute quoted above Judge Ropke had control of the judgment in this case for a period of 60 days following its entry; and within that period had authority to set aside the judgment and place Fletcher on probation. The fact that Fletcher was turned over to the prison authorities before expiration of the 60-day period did not operate to deprive Judge Ropke of the authority conferred upon him by the statute. The propriety of a circuit judge exercising his right to probate a prisoner who has already been delivered to the prison authorities is a matter of policy and not a question of law as the statutes now read.

■ At the time this matter was referred to the Attorney General, it appeared from the court's order book that Judge Ropke had attempted to "withhold rendition of judgment" by order entered some 60 days after the defendant had been sentenced and after he had already commenced to serve the sentence. Considered from any standpoint, that order was a nullity. Obviously, a Judge cannot in law or in fact withhold an action which, so far as the Judge is concerned, has been completely executed. Having formally sentenced the defendant to a term in the penitentiary, the Judge had no power or authority to withhold sentence without setting aside the judgment of sentence. This would constitute an exercise by the Judge of executive clemency, a power not vested in Circuit Judges. Brabandt v. Commonwealth, cited above. The Attorney General correctly held, therefore, that the order purporting to withhold sentence and place Fletcher on probation was invalid and the Department of Welfare very properly caused a warrant to be issued for Fletcher's arrest.

■ But under the statute then in force, Judge Ropke did have authority within the 60-day period (or beyond that period if appropriate motion was filed within the 60-day period) to set aside the judgment of sentence and then place Fletcher on probation.

As the record now stands, we have the statement of Judge Ropke that this is what he actually did, but that by reason of a clerical misprision the order entered in the order book did not accurately reflect the proceedings taken or the rulings by the court. Moreover, there is now in the record an order which corrects the earlier orders. It might be noted here that what is identified by Fletcher's counsel as a carbon copy of the motion filed on April 10 supports Judge Ropke's statement as to the clerical misprision.

A court has inherent power to correct its own orders where by clerical misprision the orders to not accurately reflect the court's rulings. 30 Am.Jr., Judgments, Sec. 107; Stratton & Terstegge Co. v. Begley, 249 Ky. 632, 61 S.W.2d 287; Myers v. Land, 314 Ky. 514, 235 S.W.2d 988. If we give consideration to the corrective order of June 23—and this we must do in the present state of the record—we conclude that Judge Ropke acted within the limits of his statutory authority and that the order as corrected releasing Fletcher on probation is valid and effective.

■■ The point is made by the Attorney General that KRS 451.130, which gives courts of continuous session control over their judgments for 60 days after entry, applies only to civil cases. We do not so construe the statute and we find no conflict between that statute and KRS 451.060 which provides that as regards courts of continuous session engaged in the trial of criminal cases, each month, beginning with the first Monday of the calendar month, shall be construed as a term.

■ We are also of the opinion that since the motion to set aside the judgment of sentence was filed within the 60-day period, the court had authority to rule on the motion at a later date. Wheeler v. Preston, 107 S.W. 274, 32 Ky.Law Rep. 791; Kentucky Home Mutual Life Insurance Co. v. Hardin, 277 Ky. 565, 126 S.W.2d 427. Any other rule would require the court to pass on a motion the same day it is filed in those

instances where the motion is not filed until the last day of the 60-day period.

 Although it is not material to a decision of the case, it might be noted in passing that it was error to permit the motion of April 10 to be filed nunc pro tunc as of February 11, since there was nothing in the record on which to base such action.

The judgment is affirmed.