**Janie King HELMS, Plaintiff–Appellant,**

v.

**Diane and Raymond WEAVER, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 20, 1989.

Permission to Appeal Denied by Supreme Court May 1, 1989.

Marvin Berke, Berke, Berke & Berke, Chattanooga, for plaintiff-appellant.

Paul Campbell, Jr., Campbell & Campbell, Chattanooga, for defendants-appellees.

## OPINION

FRANKS, Judge.

In this action for damages, arising from a motor vehicle accident, plaintiff seeks a new trial on the basis the judgment, based upon a jury verdict for the defendant, should be reversed because the trial judge improperly submitted the issue of accord and satisfaction to the jury and erroneously charged T.C.A., § 55–8–124(a)[1].

On the morning of October 27, 1986, plaintiff and defendant, Diane Weaver, were operating their respective motor vehicles in a southwardly direction across the Olgiati Bridge in Chattanooga. The defendant was proceeding in the left of the two southbound lanes and the defendant at a point on the bridge moved from that lane to the right lane and, during the maneuver, the left front fender of plaintiff's vehicle, which was proceeding in the right lane, collided with the right rear door of defendant's vehicle. Defendant operator did not observe plaintiff's vehicle prior to the collision.

Plaintiff argues T.C.A., § 55–8–124(a) should not have been charged since the undisputed proof showed the parties were proceeding in different traffic lanes. Plaintiff conceded she had passed a slow moving truck in the right lane but had returned to the right lane when "Diane Weaver came over into my car, and when I saw this I laid down on my horn...." In cases where the violation of T.C.A., § 55–8–124 was an issue, the reasonableness of the distance maintained by the operator of the following vehicle has been measured in terms of the operator's ability to make an emergency stop without striking the forward vehicle where the vehicles had been proceeding in the same direction. The policy reasons underlying the statute are not applicable to the facts of this case since the distance between vehicles travelling in adjacent lanes bears no causal relationship to an operator's ability to stop safely due to obstructions in his lane. T.C.A., § 55–8–124(a), prohibiting a vehicle from following another too closely, is not applicable to vehicles travelling in the same direction but in different traffic lanes.

While we conclude the statute should not have been charged, the charge more probably than not had no effect on the verdict. The physical evidence established the accident was a side-swipe, as opposed to a rear end collision, and occurred while the defendant was changing traffic lanes. On the evidence it is difficult to envision that a jury would consider the statute in any way applicable. It must appear that the jury was probably misled by the erroneous charge to constitute reversible error. *Ledford v. Fisher*, 222 Tenn. 661, 439 S.W.2d 781 (1969); *Davis v. Wilson*, 522 S.W.2d 872 (Tenn.App.1974).

Finally, plaintiff argues the issue of accord and satisfaction should not have been submitted to the jury since the evidence established as a matter of law there was no accord and satisfaction.

Defendant's insurance adjuster agreed to settle plaintiff's claim by paying for plaintiff's property damage and her car rental while her vehicle was being repaired. A check was issued to plaintiff, which stated that it was "in full payment for any and all claims". The face of the check also specified the kind of loss as "P.D." or property damage. On the theory that the wording of the check was ambiguous, disputed extrinsic evidence was offered as to whether or not plaintiff made claim for personal injuries to the insurance adjuster.

An accord and satisfaction is established by the intentions of the parties at the time of the transaction, *R.J. Betterton Mgmt. Serv. v. Whittemore*, 733 S.W.2d

---

1. T.C.A., § 55–8–124. *Following too closely.* (a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

**554**

880 (Tenn.App.1987), and the issue is a question of fact to be determined by the trier of fact. *Presnell v. Joe P. Buis Estate,* 673 S.W.2d 146 (Tenn.App.1983). The general, applicable rule is well stated in 1 C.J.S., *Accord and Satisfaction,* § 79A:

Unless the evidence thereof is insufficient to submit to the jury or is undisputed and not open to opposing inferences, accord and satisfaction, including the various elements thereof, is ordinarily a question of fact to be determined by the jury or by the court where it is the trier of the facts.

■ In the instant case, the check is facially ambiguous and the extrinsic evidence is in dispute. We concur with the trial court's observation, in denying plaintiff's motion for a directed verdict on the issue of accord and satisfaction: "absolutely conflicting evidence exists preventing a directed verdict for or against the plaintiff."

We affirm the judgment of the trial court and remand at appellant's cost.

SANDERS, P.J. (E.S.), and
GODDARD, J., concur.