ALDEN WARD, individually, and )
d/b/a )
MASTERCRAFT/MASTERCLEAN, )
)
      Plaintiff/Appellee, )      Appeal No.
)      01-A-01-9803-CH-00151
v. )
)      Davidson Chancery
)      No. 96-1871
GAYLE WILKINSON, )
)
      Defendant/Appellant. )
)

FILED

April 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CHANCERY COURT FOR DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR


ROBERT J. TURNER
Turner Law Offices
208 Third Avenue North, Suite 100
Nashville, Tennessee 37201
      ATTORNEY FOR PLAINTIFF/APPELLEE


JEFFREY A. GREENE
JOHN W. BARRINGER, JR.
Castleman & Greene
110 Glancy Street, Suite 109
Goodlettsville, Tennessee 37072
      ATTORNEYS FOR DEFENDANT/APPELLANT


AFFIRMED AND REMANDED


WILLIAM B. CAIN, JUDGE

# OPINION

This case results from a contract dispute between Gayle Wilkinson and Alden B. Ward, Independent Contractors, a sole proprietorship doing business as Mastercraft/Masterclean. Mr. Ward contracted to rebuild Mrs. Wilkinson's home after it was consumed by fire. The court below found that the original contract price was $73,730.20. As sometimes happens with building agreements, Mr. Ward's performance in the agreement took significantly longer than was first contemplated. As a result of the time and cost overruns, a good faith dispute arose as to the amount owing under the contract. Apparently in an effort to resolve the dispute, Mrs. Wilkinson submitted two writings to Mr. Ward. One writing was a memorandum from Mrs. Wilkinson to Mr. Ward, dated December 8, 1994, which read:

> The following is a break down of payments and credits for invoice submitted from work completed at 1204 Strawberry Cove. I will forward this to my lawyer today and have him cut a check for the balance listed below:
>
> \*
> \*
> \*
>
> | | |
> |---|---|
> | TOTAL CREDITS | $58,679.88 |
> | Less Advance for temporary Living | $ 1,600.00 |
> | FINAL CHECK | $15,050.32 |

The second writing submitted to Mr. Ward was a completely handwritten note containing the following language:

> I s/ Gayle Wilkinson
> I_____ _____
> Agree all payments have been paid in full for work completed at 1204 Strawber[r]y Cove[.] This releases all responsibility [sic]for any further payment or claim by either party.
>
> 12-14-94

The record reveals that, upon receiving the two writings and the check for $15,050.32, Mr. Ward circled that final amount on the typed memorandum and added the following handwritten language to it:

Received by Mastercraft/Masterclean paid in full 12-4-94

|  | 14,250.32 |
|---|---|
|  | 800.00 |
| s/Alden B. Ward | 15,050.32 |

It is undisputed that Mr. Ward did nothing regarding the handwritten document. On December 22, 1994, Mr. Ward invoiced Mrs. Wilkinson for what he alleged was the remainder owing on the construction contract. Ms. Wilkinson refused to pay, and Mr. Ward brought suit for breach of the construction contract. Mrs. Wilkinson raised in her pleadings the affirmative defense of accord and satisfaction. The court below found in pertinent part:

> [I]t was just as likely that the notation made by Plaintiff is a receipt as it was a final payment. The Court has determined that the Defendant has not carried the burden of proof on accord and satisfaction. Therefore, the Court finds that the Defendant owes the Plaintiff Six Thousand One Hundred Forty Four Dollars and Eighteen Cents (6,144.18) that was documented and agreed to by the parties.

The gravamen of Mrs. Wilkinson's appeal concerns the propriety of this finding. Both parties on appeal recognize the affirmative nature of the defense of accord and satisfaction. Tenn.R.Civ.P. 8 (1998).

Once the existence of a contract has been proven, the defendant in breach who asserts the defense of accord and satisfaction bears the burden of proof by a preponderance of the evidence that the contracting plaintiff *agreed* to accept lesser payment rendered in *satisfaction* of the original performance or payment for which the parties contracted. *Rhea v. Marko Const. Co.*, 652 S.W.2d 332, 335 (Tenn.1983); *See also R.J. Betterton Mgmt. Serv., Inc. v. Whittemore et al.*, 733 S.W.2d 880, 882 (Tenn.App.1987). Appellant argues that an accord and satis-faction is in the nature of an agreement, governed by contract law. A more accurate statement is that the *accord* of "accord and satisfaction" is a form of contract. The satisfaction of a disputed debt (or of an undisputed yet unliquidated debt) is offered in consideration for the substitute performance. *Lytle v. Clopton*, 149 Tenn. 655, 261 S.W. 664 (1924) *Cole v. Henderson*, 61 Tenn.App. 390, 454 S.W.2d 374, 384 (1969) 1 C.J.S. *Accord and Satisfaction* §

2 (1985).

Appellant claims in her brief, "[t]here is no proof that plaintiff was not accepting her offer of the $15,050.32 as final payment of the debt she owed." On the contrary, the proof is very clear that after failing to obtain an agreement from Mr. Ward on the first missive, Ms. Wilkinson submitted the second document, quoted above, for his signature. When the agreement of the parties is memorialized in a plain, unambiguous document, the intent of the parties is a question of law. *Petty v. Sloan*, 197 Tenn. 630, 638, 277 S.W.2d 355, 358 (1955); such is not the case here. As our supreme court clearly stated:

> To constitute a valid accord and satisfaction it is also essential that what is given or agreed to be performed shall be offered as a satisfaction and extinction of the original demand; that the debtor shall intend it as a satisfaction of such obligation, and that such intention shall be made known to the creditor in some unmistakable manner. It is equally essential that the creditor shall have accepted it with the intention that it should operate as a satisfaction. Both the giving and the acceptance in satisfaction are essential elements, and if they be lacking there can be no accord and satisfaction. The intention of the parties, which is of course controlling, must be determined from all the circumstances attending the transaction. *Lytle v. Clopton*, 149 Tenn. 655, 663-64, 261 S.W.2d 664, 666-67 (Tenn.1969), citing 1 C.J. *Accord and Satisfaction* § § 1 and 16 (1914).

Appellant would consider the error of the trial court below as a question of law. With regard to this issue our eastern section has stated with equal clarity:

> An accord and satisfaction is established by the intentions of the parties at the time of the transaction, *R.J. Betterton Mgmt. Serv. v. Whittemore*, 733 S.W.2d 880 (Tenn.App.1987), and the issue is a question of fact to be determined by the trier of fact. *Presnell v. Joe P. Buis Estate*, 673 S.W.2d 146 (Tenn.App.1983). The general, applicable rule is well stated in 1 C.J.S., *Accord and Satisfaction*, § 79A:
>
> > Unless the evidence thereof is insufficient to submit to the jury or is undisputed and not open to opposing inferences, accord and satisfaction, including the various elements thereof, is ordinarily a question of fact to be determined by the jury or by the court where it is the trier of the facts.

*Helms v. Weaver*, 770 S.W.2d 552, 553-54 (Tenn.App.1989). The evidence in the record contains two writings. One, signed by the contract debtor,

demonstrates only the intent of the debtor. The other, signed by the debtor and clearly purporting to be an accord and satisfaction, remains unsigned. In a situation where the writings are at best ambiguous as to intent, the question is of fact, and Appellant has failed to show that the evidence presented at trial preponderated against the trial court's finding. *Helms v. Weaver*, 770 S.W.2d 552, 553-54 (Tenn.App.1989); Tenn.R.App.P. 13(d) (1998).

The order of the trial court is affirmed in all respects and remanded for such further proceedings as may be necessary. Costs on appeal are taxed against Appellant.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE

_____
PATRICIA J. COTTRELL, JUDGE