IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 21, 2009  Session

## JOHN C. BLAIR v. ROBERT SULLIVAN, JR., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-004325-06     D'Army Bailey, Judge**

_____

**No. W2008-01649-COA-R3-CV - Filed August 13, 2009**
_____

This appeal involves the plaintiff's negligence claim which arose from a motor vehicle accident with the defendant. Plaintiff first asserts that the trial court erred in allowing plaintiff's positive drug test to be admitted as evidence. Plaintiff also asserts that the trial court's jury instructions were improper and that the jury's verdict is not supported by the evidence. Reviewing plaintiff's first assertion, we find that the trial court did not abuse its discretion in admitting the drug test as evidence. Likewise, we find that the jury instructions were proper and that there is material evidence supporting the jury's verdict. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

George Todd East, Kingsport, Tennessee and Russell John Johnson, Memphis, Tennessee, for the Appellant, John Blair.

Melanie M. Stewart, Matthew S. Russell, Germantown, Tennessee, for the Appellee Robert Sullivan, Jr.

**OPINION**

Background

This appeal arises from a lawsuit involving a motor vehicle collision occurring in Memphis, Tennessee. On August 18, 2005, Plaintiff/Appellant John C. Blair was driving an eighteen-wheel tractor trailer hauling liquid chemicals on behalf of his employer, Enterprise Transportation ("Enterprise"). He drove eastward on Channel Avenue, a two-lane road with one lane in each direction. As plaintiff approached his destination, the WM Barr facility, he moved to the left side

of the road in order to negotiate a sharp right turn. Before he could turn, plaintiff stopped the vehicle to allow a pedestrian to cross the road.

At the same time, Defendant/Appellee Robert Sullivan, Jr., was traveling behind plaintiff in an eighteen-wheel tractor trailer. Seeing plaintiff's vehicle stopped on the left side of the road, defendant began to pass plaintiff's vehicle. As he moved alongside of plaintiff's vehicle, plaintiff commenced his right-hand turn. The vehicles then collided as defendant struck the right side of plaintiff's truck. After the accident, a fellow employee of Enterprise took plaintiff to a medical clinic where a drug screen was conducted.

Mr. Blair filed a complaint in Shelby County Circuit Court on August 17, 2006. He alleged that the accident with Mr. Sullivan caused him physical injuries and impaired his ability to secure employment. The complaint alleged both negligence and negligence per se on the part of Mr. Sullivan. The complaint named several defendants in addition to Mr. Sullivan, but his claims against those defendants were dismissed prior to trial and are not relevant on appeal. Mr. Sullivan filed an answer and alleged the comparative fault of Mr. Blair as a defense.

Prior to trial, plaintiff filed a motion in limine to exclude his drug test from evidence. The drug test was administered to Mr. Blair on the day of the accident at the request of Enterprise. The test yielded a positive result for marijuana. Mr. Blair denied consuming marijuana and challenged the accuracy of the test. In his motion, he argued that the test was irrelevant and would cause him substantial prejudice if admitted as evidence.

Mr. Sullivan countered that the drug test was relevant on the issues of causation and damages. First, he argued that the test could show that Mr. Blair was impaired at the time of the accident. Second, he argued that the positive drug test, rather than the accident, was the reason Mr. Blair could not obtain employment as a truck driver. Mr. Sullivan also argued that the drug test should be admissible to attack Mr. Blair's credibility as a witness to the accident. After hearing argument from counsel, the trial court ruled that the drug test was admissible on the issues of causation and Mr. Blair's credibility. The trial court, however, found that the test was not admissible on the issue of damages.

The matter was heard by a jury over three days in April 2008. In addition to evidence on Mr. Blair's damages, the jury heard the testimony of the two parties and the eye witness account of Ruby Handy, a security guard employed at the WM Barr facility. Mr. Blair testified that he had exercised reasonable care as a driver on the day of the accident. He testified that he had looked in his rearview mirrors prior to turning but had not seen Mr. Sullivan's vehicle approaching. He also addressed the positive drug test stating that he had not used marijuana. Mr. Sullivan also testified the he had exercised due care on the day of the accident. He noted that it was routine to see trucks stopped on Channel Avenue and that there was sufficient space to pass Mr. Blair's vehicle in the right lane. He did not directly address Mr. Blair's drug test, but he did testify that Mr. Blair had appeared red-eyed as if under the influence of a drug.

At the close of all the proof, the parties and the trial court prepared jury instructions. Mr. Blair could not find a jury instruction on the issue of whether Mr. Sullivan properly passed Mr. Blair's vehicle in the right lane. Consequently, he proposed, and the trial court agreed, to instruct the jury by reading Tenn. Code Ann. § 55-8-118, which provides when overtaking on the right is permissible. Although it was his suggestion, Mr. Blair later objected to the trial court's use of the statute as an instruction in his motion for a new trial.

After receiving the trial court's instructions, the jury returned a verdict finding that Mr. Blair and Mr. Sullivan were both fifty percent at fault for the accident. Accordingly, on April 22, 2008, the trial court entered an order granting a judgment in favor of Mr. Sullivan. After his motion for a new trial was denied, Mr. Blair filed this appeal.

Mr. Blair raises three issues, as stated in his brief, for review:

1. Whether the trial court's denial of Plaintiff's motion in limine and allowing the jury to consider the challenged marijuana test results was more prejudicial than probative.
2. Whether the jury instruction given regarding passing on the right so confused the jury that a new trial was warranted.
3. Whether the verdict of the jury for a fifty-fifty comparative fault was against the weight of the evidence.

Law and Analysis

A. Admissibility of Plaintiff's Drug Test

Mr. Blair first alleges that the trial court erred in denying his pre-trial motion to exclude his drug test from evidence. Generally, a "trial court's decision to admit or exclude evidence will be overturned on appeal only where there is an abuse of discretion." *Mercer v. Vanderbilt University, Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004). A trial court "abuses its discretion only when it 'applie[s] an incorrect legal standard, or reache [s] a decision which is against logic or reasoning that cause[s] an injustice to the party complaining.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (*quoting State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)). This standard of review does not permit the appellate court to substitute its judgment for that of the trial court. *Eldridge*, 42 S.W.3d at 85.

When it denied plaintiff's motion in limine, the trial court ruled that the drug test result would be admissible for two reasons. First, the trial court found that the drug test result would be admissible on "the issue of whether [Plaintiff] was at fault or had some fault pertinent to the accident." Second, the trial court ruled that the drug test result would be admissible on the issue of plaintiff's credibility as a witness. At trial, plaintiff did not raise a new objection to the admissibility of the drug test result. Specifically, plaintiff did not object when defendant's attorney presented the drug test result on the issue of plaintiff's damages during closing argument. Although the trial court had previously ruled that the drug test result was not admissible on this issue, plaintiff's failure to

-3-

object results in a waiver of this issue on appeal. See Tenn. R. Evid. 103(a); *State v. Smith*, 24 S.W.3d 274-279-80 (Tenn. 2000).

Our review is therefore limited to the trial court's initial ruling on plaintiff's motion in limine. In that motion, plaintiff argues that the drug test was irrelevant on the issue of causation. Relevant evidence is defined by Tenn. R. Evid. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." If the evidence is relevant, it is admissible unless another legal rule excludes it. Tenn. R. Evid. 402.

To support his argument that the drug test result is irrelevant, plaintiff relies heavily on *Interstate Mechanical Contractors, Inc. v. McIntosh*, 229 S.W.3d 674 (Tenn. 2007). In *McIntosh*, a worker's compensation case, the claimant employee's drug screen revealed THC levels that would have impaired his reaction time at the time of his accident. Due to the rapid nature of the accident, however, the Supreme Court upheld the trial court's finding that "there d[id] not appear to be a connection between the claimant's impaired reaction time and the cause of the injury." *Id*. at 681. Consequently, the Court found that the claimant's marijuana use was not the proximate cause of the injury. *Id*. Plaintiff argues that the accident in this case, like the one in *McIntosh*, occurred suddenly and without warning. Accordingly, he argues that any evidence offered to show that the plaintiff was impaired is irrelevant.

Plaintiff's reliance on *McIntosh* is misplaced. The *McIntosh* court addressed whether, in the context of a worker's compensation case, the claimant had rebutted the statutory presumption that his drug use was the proximate cause of the accident. *Id*. at 680-81. *McIntosh*, however, does not render evidence of drug use irrelevant in a case involving a sudden accident. Defendant could still have offered the drug test result to show that plaintiff was impaired at the time of the accident. The jury, like the trier of fact in *McIntosh*, could then decide that the evidence did not establish causation. This possibility does not affect the analysis of the drug test's relevance under Tenn. R. Evid. 401. Consequently, we find that the trial court did not err in finding that the drug test result was relevant evidence.

Plaintiff also argues that the drug test's probative value is outweighed by its prejudicial impact. Under Tenn. R. Evid. 403, the trial court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." This rule requires trial courts to conduct a two-part balancing test. *White v. Vanderbilt Univ.*, 21 S.W.3d 215, 227 (Tenn. Ct. App. 1999). First, the trial court must balance the probative value of the challenged evidence against the countervailing factors. *Id*. If it finds that the prejudice substantially outweighs the probative value, the trial court may exercise its discretion and exclude the evidence. *Id*.

Here, Plaintiff does not explain how the introduction of the drug test result into evidence would result in unfair prejudice. Plaintiff's sole complaint is that defendant's attorney discussed the

drug test's effect on damages during closing argument. As mentioned above, plaintiff failed to object to these statements in the trial court. Because plaintiff does not point to any other prejudice, we find that the trial court did not abuse its discretion in ruling that the drug test result was not excluded under Tenn. R. Evid. 403.

B.  Jury Instruction

Plaintiff also argues that the trial court's jury instruction on Tenn. Code Ann. § 55-8-118 was incorrectly stated and misleading to the jury.  The statute provides:

> (a) The driver of a vehicle may overtake and pass upon the right of another vehicle only under the following conditions:
> (1) When the vehicle overtaken is making or about to make a left turn;
> (2) Upon a street or highway with unobstructed pavement not occupied by parked vehicles of sufficient width for two (2) or more lines of moving vehicles in each direction; and
> (3) Upon a one-way street, or upon any roadway on which traffic is restricted to one (1) direction of movement, where the roadway is free from obstructions and of sufficient width for two (2) or more lines of moving vehicles.
> (b) The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting that movement in safety. In no event shall the movement be made by driving off the pavement or main-traveled portion of the roadway.

Tenn. Code Ann. § 55-8-118.  At plaintiff's request, the trial court read this statute in its entirety as an instruction to the jury.

Plaintiff first contends that the trial court erred by failing to explain the context of the statute and by failing to omit certain irrelevant provisions of the statute in its instruction.  Parties, however, are not entitled to relief on appeal from invited error.  Tenn. R. App. P. 36(a).  Plaintiff asked the trial court to read the entire statute as a jury instruction.  Consequently, he is not entitled to relief on appeal on this issue.

We will, however, address plaintiff's complaint that the trial court inadvertently misread the statute to the jury in its instruction.  Plaintiff asserts, and the record confirms, that the trial court substituted "overtaking" for "overtaken" when reading subsection (a)(1) of the statute to the jury. In reviewing this issue, this Court "should not set aside a jury's verdict because of an erroneous instruction unless it affirmatively appears that the erroneous instruction actually misled the jury." *Grandstaff v. Hawks*, 36 S.W.3d 482, 497 (Tenn. Ct. App. 2000).  In the present case, plaintiff has not pointed to any evidence indicating that the trial court's inadvertent misreading of the statute misled the jury.  Furthermore, plaintiff concedes that subsection (a)(1), even if read properly, was not relevant in the present case.  In *Helms v. Weaver*, 770 S.W.2d 552 (Tenn. Ct. App. 1989), the court found that a jury instruction based on an inapplicable statute was harmless error because it was

"difficult to envision that a jury would consider the statute in any way applicable." **Id**. at 553. Accordingly, we find that the trial court's reading of the statute does not constitute reversible error.

C. Weight of the Evidence

Plaintiff next asserts that the jury's finding that both plaintiff and defendant were fifty percent at fault is against the weight of the evidence. The standard of review when examining a jury verdict approved by the trial court is whether there is any material evidence to support the verdict. Tenn. R. App. P. 13(d). To determine if material evidence supports the jury's verdict, the appellate court shall: "(1) take the strongest legitimate view of all the evidence in favor of the verdict; (2) assume the truth of all evidence that supports the verdict; (3) allow all reasonable inferences to sustain the verdict; and (4) discard all [countervailing] evidence." **Barnes v. Goodyear Tire & Rubber Co.**, 48 S.W.3d 698, 704 (Tenn. 2000) (*citing* **Crabtree Masonry Co., Inc. v. C & R Constr., Inc.**, 575 S.W.2d 4, 5 (Tenn. 1978)).

Here, the jury heard the testimony of three witnesses relevant to the issue of causation: the plaintiff, the defendant, and Ms. Handy. Reviewing this evidence, we find that the there is material evidence supporting the jury's finding on the issue of the comparative fault of the parties. The two parties related their accounts of the accident, and the jury could reasonably conclude from this testimony that the parties were equally at fault. On appeal, Plaintiff has not pointed to any evidence in the record indicating that the jury's finding was improper.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of appeal are assessed to Appellant John C. Blair.

_____
J. STEVEN STAFFORD, J.